■ RONALD J. TURCOTTE et al., Respondents, v JEFFREY FELL et al., Defendants, and KENNETH NOE, JR., et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants Kelly and Noe appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Pantano, J.), dated April 28, 1980, as denied their cross motion to dismiss the complaint for failure to state a cause of action. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and cross motion to dismiss granted. The law is well settled that officials acting in a quasi-judicial capacity may not be held liable for decisions involving acts relating to such function (see *Rottkamp v Young,* 21 AD2d 373, 375, affd 15 NY2d 831). Defendants Kelly and Noe are stewards appointed pursuant to chapter 440 of the Laws of 1926 (as amd). Their duties include enforcement of the "Rules of the Race" (9 NYCRR Part 4035) and in this capacity they are in the nature of quasi-judicial officials (cf. *Meritt v Swope,* 43 NYS2d 902, 905, affd 267 App Div 519). Consequently, they may not be held liable for their alleged continuous negligent failure to call fouls and the complaint as against these defendants must be dismissed. In any event, we perceive no breach of any duty allegedly owed by appellants to the plaintiffs. Mollen, P. J., Damiani, Gibbons and Thompson, JJ., concur.