OPINION OF THE COURT
Joseph G. Golia, J.
I have consolidated the defendant’s motion to dismiss the above-captioned small claims matters for the purpose of this decision only.
In each of the above-entitled actions the claimants allege that they had placed a wager on a horse named Allumeuse in the second race at Saratoga on August 2, 1986.
It is conceded by the defendant that Allumeuse "was first horse to cross the designated finish line” but that as a result of the (subsequently determined) wrongful disqualification of that horse, the defendant refused to honor the claimants’ "winning” tickets. As clearly and disdainfully put in the defendant’s memorandum of law, the "alleged wager on Allumeuse is simply not a winning bet * * * and the claimant, cannot legitimately complain, and can have no remedy, because the New York Racing Association declines to treat it as one.” (Emphasis added.)
It is clear and uncontroverted that the track stewards erred in disqualifying the subject horse. Nevertheless, and up until this date, the defendant refuses to pay the rightful ticket holders.
These consolidated cases remind one that the only "sure thing” is death and taxes.
In support of its refusal to pay, the defendant cites numerous cases which concur with its position.
The instant case, however, should be distinguished from the cases cited. In those cases, the order of finish was changed due to error or fraud by a third party, or the claimant was not "holding” a winning ticket although he claimed to have purchased one (i.e., he claimed to have bet on horse No. 1 but received a ticket containing a bet on horse No. 2).
The defendant, in its well-researched memorandum of law, relies on the statutory and decisional authority which shields it from such actions as this, on the grounds that a steward’s decision is quasi-judicial in nature.
The defendant asserts that this court, as well as numerous *954 other State agencies, are similarly protected. The defendant, however, fails to appreciate the distinction between itself and the other agencies referred to. It is the court’s understanding that the decision of such agencies and/or courts are subject to internal reviews and to higher judicial review. The defendant here apparently does not have the means, or more importantly, the desire to rectify its mistakes. It would rather rely on the broad protection afforded it by statute.
The statute is clear in its support of defendant’s contention. The claimants are not entitled to any distribution from the pari-mutuel pool. Section 4008.1 of the Rules and Regulations of New York State Racing and Wagering Board (9 NYCRR) provides that: "When a result is official, that word shall be flashed on the result board and shall signify that the placing of the horse is final insofar as the payoff is concerned. If any change be made in the order of finish of a race after the result is so declared official, it shall not affect the payoff.”
This protection is repeated in section 4008.4 of the same part as follows: "Rulings of the stewards with regard to the award of purse money, made after the result has been declared official, shall in no way affect the mutuel payoff.”
The above-quoted rules are only a bar to a contract action based upon the defendant’s failure to pay on alleged "winning” tickets. This court does not, however, find these statutes to bar the claimants from bringing the instant action which sounds in tort.
The defendant addressed the issue of negligence in its motion to dismiss by citing numerous case authority which establishes that it "is well settled that officials acting in a quasi-judicial capacity may not be held liable for decisions involving acts relating to such function” (Turcotte v Fell, 84 AD2d 535).
It should, however, be noted that such prior absolution does not afford protection for acting in a manner which is "arbitrary and capricious”.
This court received a copy of just such a preliminary finding by the Supreme Court of Albany County. This decision, along with several others, and the cover letters which accompanied them, was sent to this court by the defendant’s counsel while this decision was pending.
It is apparent to this court that there exists a triable issue of fact as to whether or not the stewards, who disqualified *955 Allumeuse in error, acted in an arbitrary and capricious manner.
If they did so, then the claimants, upon sufficient proof that they hold tickets to Allumeuse, may be entitled to damages.
Accordingly, the defendant’s motion to dismiss is denied since there are issues of fact which are best determined upon a trial on the merits.
This constitutes the decision and order of this court.
This court takes note of the manifest unfairness of the subject statutory provision as it relates to certain situations, such as the one exemplified by these cases.
I only hope the Legislature will act quickly to remedy this unfortunate situation.