[No. 10841-1-II.   Division Two.   July 5, 1988.]

GORDON H. LABREC, ET AL, *Appellants,* v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Respondent.*

*Jack L. Burtch,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Bert Paul, Assistant,* for respondent.

PETRIE, J.*—Plaintiffs, Gordon H. LaBrec, William A. Lewis, Harold L. Porter and Donald J. Spears, appeal a summary judgment dismissing their claim for damages caused allegedly by defamation and invasion of their privacy by defendant, State of Washington Department of Employment Security. The basis for the court's dismissal was that the Department and its adjudicating officers are absolutely immune from liability when acting in a judicial capacity. We find no error and affirm the summary judgment. We deny, however, defendant's request for award of attorney's fees based on an alleged frivolous appeal.

In 1975 these four plaintiffs, and several other employees of Grays Harbor Paper, applied for unemployment benefits. They were each granted only 1 week's benefit, the sum of $86. They petitioned the Department's appeal tribunal. The hearings examiner determined not only that they were disqualified from receiving the 1–week benefit, but also, in the exercise of discretion authorized by RCW 50.20.190, held that "equity and good conscience" would not be a

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

basis for waiving the Department's right to reimbursement of the benefit previously received.

In the process of determining whether waiver or reimbursement should apply, the hearings examiner extracted from each petitioner certain information bearing on his social and financial responsibilities and ability to repay the benefit. This information was obtained in a closed hearing for each petitioner accompanied by the examiner's promise that such information would remain confidential. However, the examiner's decision as to each petitioner was consolidated not only with the other three petitions, but also with the petitions of several other claimants for benefits arising from the same or similar circumstances. Included in the examiner's consolidated decision was a revelation of the specifics of each petitioner's social responsibilities and financial ability to repay the asserted inappropriately conferred benefit.

In 1976, petitioners filed a claim for damages in superior court alleging that the examiner's decision violated the limited confidentiality provisions of RCW 50.12.100; that they had been defamed; and that their privacy had been invaded by the examiner's decision, copies of which were sent to all the other petitioners and to their respective supervisors. After a flurry of pretrial activity, the matter lay dormant (for no reason observable from the record) between 1979 and 1986 when defendant moved for summary judgment of dismissal. This appeal followed from the trial court's granting of defendant's motion.

On appeal, the plaintiffs contend (1) revelation of the confidential information not only violated the provisions of former RCW 50.12.110, but that it could have been avoided by the examiner's issuance of separate (instead of the consolidated) decisions, and (2) the examiner's distribution of the decision was not a judicial action granting the Department absolute immunity from liability.

We consider first the nature of the administrative process.

When an adjudication within an administrative agency shares enough of the characteristics of the judicial process, the agency is absolutely immune from suits for damages.

*Rayburn v. Seattle,* 42 Wn. App. 163, 165, 709 P.2d 399 (1985), *review denied,* 105 Wn.2d 1007 (1986), holding that the Police Pension and Disability Board's consideration of applications for disability benefits was "functionally comparable" to the work of a judge and, therefore, immune from suit.

▮ Plaintiffs contend, however, that the distribution of the decision was not part of the adjudicatory process. Case law does not support this distinction. Acts by a judge or judicial officer will be protected by immunity from civil action for damages if they are intimately associated with the judicial process. *Adkins v. Clark Cy.,* 105 Wn.2d 675, 677, 717 P.2d 275 (1986). A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws already in existence. A judge is subject to civil suit only if he acted in "clear absence of jurisdiction." Jurisdiction, for purposes of judicial immunity, should be construed broadly so that a judge will not be subject to possible liability unless he acts without color of authority. *Burgess v. Towne,* 13 Wn. App. 954, 958, 538 P.2d 559 (1975). Issuing findings of fact is ordinarily the business of courts. *Akada v. Park 12–01 Corp.,* 37 Wn. App. 221, 225, 678 P.2d 1314 (1984), *rev'd on other grounds,* 103 Wn.2d 717, 695 P.2d 994 (1985).

RCW 50.20.180, pertaining to the denial of benefits, states, in pertinent part:

> Denial of benefits. If waiting period credit or the payment of benefits shall be denied to any claimant for any week or weeks, the claimant and such *other interested party* as the commissioner by regulation prescribes *shall be promptly issued written notice of the denial and the reasons therefor.*

(Italics ours.) Other language in subsection .180 indicates that notice of a determination should be sent to the employee's last employing unit.

The Department of Employment Security's adjudicatory functions are regulated by the administrative procedure act. *See* RCW 50.12.040; RCW 50.32.010, .040, .090, and .120. The APA, section 34.04.120, requires:

Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of each fact found upon each contested issue of fact. Parties to the proceeding shall be notified of the decision and order in person or my mail. *A copy of the decision and order and accompanying findings and conclusions shall be delivered or mailed to each party* and to his attorney of record, if any.

(Italics ours.) The examiner acted under the authority granted by statute. He was performing the duties required. The authority to distribute the decision to the parties is also inherent in the power to enforce it. It is a function ultimately related to the adjudicating process and, thus, absolutely immune from civil suit. Limiting the distribution by issuing separate opinions in each case would have limited the numbers of persons privy to the information contained therein, but it would not have eliminated the issues of defamation and invasion of privacy.

We also hold that examiner's action did not violate former RCW 50.12.110. That section provided, at the time of the hearings, that:

any interested party at a hearing before the appeal tribunal or the commissioner shall be supplied with information from such records to the extent necessary for the proper presentation of the case in question . . .

Certainly, the examiner's findings and conclusions would be necessary to any party wishing to appeal the decision, as did these four plaintiffs.

As to the request for attorney's fees, this case is not so devoid of merit as to be considered frivolous. While reversal here could be seen as unlikely, the appellants' arguments were worthy of consideration.

Judgment affirmed; respondent's request for attorney's fees denied.

REED, C.J., and ALEXANDER, J., concur.