[No. 25037–0–I. Division One. April 8, 1991.]

TIMOTHY MALGARINI, *Appellant,* v. WASHINGTON JOCKEY CLUB, ET AL, *Respondents.*

824

*Norman W. Cohen* and *Cohen & Keith–Miller,* for appellant.

*Bernard H. Friedman,* for respondent Washington Jockey Club.

*Kenneth O. Eikenberry, Attorney General,* and *Steven Abel* and *Francois L. Fischer, Assistants,* for respondent Washington State Horse Racing Commission.

FORREST, J.—Timothy Malgarini appeals from summary judgments dismissing claims against the defendants Washington Jockey Club (WJC), Washington State Horse Racing Commission (WSHRC) and various individual defendants, asserting the court erred in applying theories of assumption of risk and quasi–judicial immunity. We affirm.

Malgarini was injured in a fall from a horse during a race at Longacres on April 19, 1985. Malgarini claims that the WSHRC and its stewards are liable for his injuries because they failed to enforce the rules of racing. Similarly, Malgarini claims the WJC, the operators of Longacres, failed to provide safe racing conditions.

Washington Jockey Club first moved for summary judgment, arguing the complaint failed to state a claim against it because it is not the party responsible for enforcing racing rules. This motion was denied January 6, 1987. Washington Jockey Club later moved for summary judgment, claiming Malgarini assumed the risk of injury. Malgarini did not oppose the motion and the court dismissed the claim against WJC on February 5, 1988.

Subsequently, WSHRC filed for summary judgment claiming Malgarini assumed the risk and that WSHRC enjoyed quasi–judicial immunity. Malgarini opposed this motion. The court, however, granted the motion and dismissed the claim against WSHRC October 5, 1989.

## MALGARINI v. WJC

Washington Jockey Club's motion for summary judgment based on Malgarini's assumption of the risk was granted when Malgarini failed to appear or submit any papers in opposition to the motion. After the court dismissed the claim Malgarini made no attempt to seek relief from the

judgment. Malgarini now challenges the theory that he assumed the risk. Washington Jockey Club urges that Malgarini may not argue on appeal what he did not argue at trial. RAP 2.5(a).[1] We agree. Malgarini's assertion that he did not receive proper notice is not supported by the record. In his opening brief Malgarini made no argument and cited no authority that the rule prohibiting a party from raising an issue for the first time on appeal should not apply to this case. No reply brief was filed. This portion of the appeal is totally without merit and the summary judgment dismissing the WJC is affirmed.[2]

## MALGARINI V. WSHRC

Malgarini claims the WSHRC was not entitled to dismissal based on "quasi–judicial" immunity because it was not specifically pleaded as an affirmative defense and if properly pleaded, WSHRC is not entitled to the defense.

■ The fact WSHRC did not use the words "quasi–judicial immunity" in its answer does not defeat its motion for summary judgment. Washington State Horse Racing Commission's answer did claim "discretionary immunity", good faith performance of duties, privilege, and lack of capacity to be sued. The trial memorandum developed the immunity argument and cited authority on this issue. While the words "quasi–judicial" are lacking, there is no doubt Malgarini was put on notice of the defense. CR 8, requiring the pleading of all affirmative defenses, was satisfied.

---

[1] *Buchsieb/Danard, Inc. v. Skagit Cy.*, 99 Wn.2d 577, 581, 663 P.2d 487 (1983); *Wilson v. Steinbach*, 98 Wn.2d 434, 440, 656 P.2d 1030 (1982); *Re v. Tenney*, 56 Wn. App. 394, 783 P.2d 632 (1989); *Crouch v. Friedman*, 51 Wn. App. 731, 754 P.2d 1299 (1988).

[2] Malgarini invites this court to recognize an exception to this rule when the moving party below misrepresents the law to the trial court. Even if this court were inclined to create such an exception we would not apply it in this case as WJC's motion was meritorious and it fairly represented the current law.

 It is well established that quasi–judicial actions of an administrative agency are immune from liability.[3] The applicable Washington Administrative Code sections set forth in the appendix clearly establish the quasi–judicial nature of the commission and its stewards. This court has recently reviewed a WSHRC adjudication of a rule violation as a quasi–judicial matter.[4] Malgarini admits that in imposing fines or other sanctions the stewards and the Horse Racing Commission are acting in an adjudicative capacity. He fails to recognize that finding a jockey's riding does not merit sanctions is equally adjudicative. On strikingly similar facts, the court in *Turcotte v. Fell*[5] held the racing commission and its stewards were immune from liability for failing to enforce the rules of racing.[6]

█ Malgarini makes broad assertions to this court that the commission failed to institute proper safety programs, properly train stewards or maintain a healthy working environment for the industry. The record, however, is devoid of any factual basis for these assertions. We further note that WSHRC is created by statute, adopts its rules in accordance with the administrative procedure act, and is immune from liability for its "quasi–legislative" action adopting or modifying its rules.[7] Malgarini's deposition and answers to interrogatories, which constitute the facts before

---

[3]*See Butz v. Economou*, 438 U.S. 478, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978); *Layne v. Hyde*, 54 Wn. App. 125, 773 P.2d 83, *review denied*, 113 Wn.2d 1016 (1989); *Noonan v. State*, 53 Wn. App. 558, 769 P.2d 313, *review denied*, 112 Wn.2d 1027 (1989); *LaBrec v. Department of Empl. Sec.*, 52 Wn. App. 188, 758 P.2d 501 (1988); *Jensen v. Torr*, 44 Wn. App. 207, 721 P.2d 992, *review denied*, 107 Wn.2d 1004 (1986); *Rayburn v. Seattle*, 42 Wn. App. 163, 165, 709 P.2d 399 (1985), *review denied*, 105 Wn.2d 1007 (1986).

[4]*Giles v. Horse Racing Comm'n*, 53 Wn. App. 932, 771 P.2d 1159 (1989).

[5]84 A.D.2d 535, 443 N.Y.S.2d 169 (1981).

[6]*See also Dunckley v. State*, 136 Misc. 2d 767, 519 N.Y.S.2d 323 (Ct. Cl. 1987); *Santiago v. Clark*, 444 F. Supp. 1077 (N.D.W. Va. 1978).

[7]*Noonan v. State*, 53 Wn. App. at 561.

the court for summary judgment, establish that his claim is based solely on the fact that rough and reckless riding was tolerated by the state officials. Determining whether rough and reckless riding has or has not taken place is clearly adjudicative and such determinations are entitled to quasi–judicial immunity. Obviously, WSHRC and its employees have no immunity for torts such as negligent driving or physical assault, but they are clearly immune from liability for their decisions which form the basis of Malgarini's complaint.

In view of our holding that WSHRC enjoys quasi–judicial immunity, we do not need to address the issues of assumption of risk and collateral estoppel which were also urged by the WSHRC.

Judgment affirmed.

APPENDIX

The following provisions of the Washington Administrative Code establish the quasi–judicial nature of the State Horse Racing Commission stewards.

**WAC 260-24-280 Stewards—Authority to award punishment.** The stewards have the power to punish at their discretion any person subject to their control either by suspension of the privilege of attending the races during the meeting; or by suspension from acting or riding during the meeting; or by fine not exceeding $750.00; or both, and if in their discretion they deem it necessary they may impose a suspension up to thirty days beyond the meet; for any further punishment or additional fine, they shall so report to the commission. Persons subject to these rules are deemed to come within the control of the board of stewards assigned to a meet beginning on the day an association accepts entries for the first day of racing of that meet.

**WAC 260-24-300 Stewards—Determining disqualifications in case of fouls.** The stewards are vested with the power to determine the extent of disqualification in case of fouls. They may place the offending horse behind such horses as in their judgment it interfered with, or they may place it last.

**WAC 260-24-420 Stewards—Settlement of protests and complaints.** The stewards must investigate promptly and render a decision in every protest and in every complaint properly made to them.

**WAC 260-24-430 Stewards—Infractions—Reports to commission.** The stewards shall, before the close of the succeeding racing day, file with the commission a signed report of any and all infractions of the rules coming under their observance; and shall file with the commission any and all rulings on infractions or otherwise, as soon as said rulings are made.

**WAC 260-52-040 Post to finish.** (1) When clear, a horse may be taken to any part of the course, except that crossing or weaving in front of contenders may constitute interference or intimidation for which the offender may be disciplined.

(2) A horse crossing so as actually to impede another horse is disqualified . . ..

(3) If a horse or jockey jostle another horse, the aggressor may be disqualified . . ..

(4) If a jockey wilfully strikes another horse or jockey, or rides wilfully or carelessly so as to injure another horse, which is in no way in fault, or so as to cause other horses to do so, his horse is disqualified.

(5) When a horse is disqualified under this rule the other horse or horses in the same race coupled as an entry under WAC 260-48-110 may be disqualified.

(6) Complaints under this rule can only be received from the owner, trainer or jockey of the horse alleged to be aggrieved, and must be made to the clerk of the scales or to the stewards before or immediately after his jockey has passed the scales. But nothing in this rule shall prevent the stewards taking cognizance of foul riding.

(7) Any jockey against whom a foul is claimed shall be given the opportunity to appear before the stewards before any decision is made by them.

**WAC 260-88-010 Appeal to the commission.** (1) Any person against whom a ruling is made by the stewards may appeal the ruling to the commission.

(2) Such an appeal must be made in writing at the office of the commission within five days of the date of the stewards' ruling.

(3) The appeal shall be signed by the person making it and must set forth the alleged errors in the stewards' ruling.

(4) Any person bringing an appeal will be heard in person or by counsel. A person bringing an appeal may submit his case entirely in writing.

(5) All communications to the commission with respect to an appeal must be in writing, and all papers filed with the commission shall be the property of the commission.

(6) An appeal from a decision of a racing official to the commission shall not affect such decision until the appeal has been acted upon by the commission, unless otherwise ordered by the commission

830

or by a court of competent jurisdiction. Upon a showing of good cause, the commission may stay the effect of any ruling of the stewards pending commission review of the ruling. The granting of such a stay shall carry no presumption as to the validity of the stewards' ruling. The commission may lift such a stay pending appeal if appropriate.

PEKELIS and BAKER, JJ., concur.