IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RICHARD L. FERGUSON, individually, | ) | No. 79673-9-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| STATE OF WASHINGTON | ) | |
| EMPLOYMENT SECURITY | ) | |
| DEPARTMENT, a government entity, | ) | |
| JOHN M. SELLS, individually, and in his | ) | UNPUBLISHED OPINION |
| Official Capacity as Assistant | ) | |
| Commissioner State of Washington | ) | |
| Employment Security Department, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ANDRUS, A.C.J. — After this court affirmed the Employment Security Department's denial of unemployment benefits to Richard L. Ferguson,[1] he filed a tort suit against the Department and the commissioner who denied his claim (collectively "Department").[2] The trial court dismissed Ferguson's suit on summary judgment and rejected his CR 56(f) continuance request. Ferguson challenges

---

[1] Ferguson v. Dep't of Emp't Sec., No. 75706-7-I, 2017 WL 4480784 (Wash. Ct. App. Oct. 9, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/757067.PDF.

[2] This court previously affirmed dismissal of Ferguson's tort suit against his former employer. Ferguson v. Baker Law Firm, P.S., No. 78025-5-I, 2019 WL 3926173 (Wash. Ct. App. Aug. 19, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/780255.pdf.

Citations and pin cites are based on the Westlaw online version of the cited material.

both rulings. Because he has established neither an abuse of discretion in denying the continuance nor any genuine issues of material fact, we affirm.

FACTS

The facts are set forth in Ferguson v. Department of Employment Security, No. 75706-7-I, 2017 WL 4480784 (Wash. Ct. App. Oct. 9, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/757067.PDF, and will be repeated only as necessary.

In 2014 and 2015, Ferguson worked as a paralegal at the Baker Law Firm in Marysville. As soon as Ferguson began working for the firm, other employees raised concerns that he smelled like alcohol, showed a difficulty in following conversations and concentrating, frequently missed filing deadlines, and arrived late to the office. After futile attempts to help Ferguson improve his work, the firm terminated his employment on March 13, 2015.

Ferguson filed a claim for unemployment benefits. This court affirmed the Department's denial of Ferguson's claim, concluding substantial evidence supported the Department's conclusion that Ferguson had been terminated for misconduct—specifically, at least in part, for consistently coming to work smelling of alcohol.

On September 11, 2017, Ferguson sued the Department for negligence, defamation, and intentional and negligent infliction of emotional distress. He alleged the Department's decision denying benefits, contained false and inaccurate statements about him—specifically, that he repeatedly arrived at Baker

Law Firm with alcohol on his breath and that he was terminated for repeatedly reporting to work with alcohol on his breath.

For 15 months, Ferguson took no action in the suit. On December 14, 2018, the Department moved for summary judgment, setting the hearing date for February 6, 2019. It argued that Ferguson's claims against the Department were barred by the doctrine of quasi-judicial immunity and that this court had already adjudicated his claims when it affirmed the Department's denial of his unemployment benefits.

Over a month later, on January 25, 2019, Ferguson moved to continue the summary judgment hearing, arguing he had not had time to review and respond to the motion. Ferguson maintained that because he was representing himself, responding to the Department's motion was an "enormous and overwhelming task, which would normally require one or more associates, a partner, a brief bank, paralegals, secretaries, and clerical staff." He also asserted he had not conducted discovery in the case, because he was overwhelmed by his suit against his former employer, which was then before this court.

The trial court continued Ferguson's continuance motion to coincide with the Department's underlying motion, orally denied his requested continuance, and granted the Department's motion for summary judgment, dismissing Ferguson's claims with prejudice. Ferguson appeals.

ANALYSIS

Ferguson argues the trial court abused its discretion by denying his motion to continue the summary judgment hearing. We disagree.

We review this decision for an abuse of discretion. Pitzer v. Union Bank of Cal., 141 Wn.2d 539, 556, 9 P.3d 805 (2000). CR 56(f) allows a trial court to grant a continuance if the party requesting the continuance provides an affidavit showing a need for additional time to obtain affidavits, take depositions, or conduct other discovery. Butler v. Joy, 116 Wn. App. 291, 299, 65 P.3d 671 (2003). The trial court has the discretion to deny a continuance when (1) the requesting party does not have a good reason for the delay in obtaining the evidence; (2) the requesting party does not indicate what evidence would be established by further discovery; or (3) the new evidence would not raise a genuine issue of fact. Coggle v. Snow, 56 Wn. App. 499, 507, 784 P.2d 554 (1990).

Ferguson's primary reason for delay was the fact that he was representing himself. But a "trial court must hold pro se parties to the same standards to which it holds attorneys." Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010); see also In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) ("[T]he law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.") (internal quotation marks omitted) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983))). Furthermore, Ferguson had over a year in which to conduct discovery, during which he did nothing to pursue his suit, and he did not indicate to the court what evidence would be established by such discovery. Thus, the trial court did not abuse its discretion in denying Ferguson's request to continue the summary judgment hearing.

- 4 -

Moreover, no amount of evidence gathered would establish a genuine issue of material fact because Ferguson's claims are resolvable as a matter of law. Summary judgment is appropriate only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We review summary judgment orders de novo, engaging in the same inquiry as the trial court. Garcia v. Dep't of Soc. & Health Servs., 10 Wn. App. 2d 885, 909, 451 P.3d 1107 (2019). "We . . . consider[] the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party." Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

As it did below, the Department argues the doctrine of quasi-judicial immunity bars Ferguson's suit. We agree.

Judicial officers' actions are "protected by immunity from civil action for damages if [those actions] are intimately associated with the judicial process." Labrec v. Emp't Sec. Dep't, 52 Wn. App. 188, 191, 758 P.2d 501 (1988). Issuing findings of fact qualifies as a protected action. Id. at 190. "The purpose of this immunity is not to protect judges as individuals, but to ensure that judges can administer justice without fear of personal consequences." Taggart v. State, 118 Wn.2d 195, 203, 822 P.2d 243 (1992). "If disgruntled litigants could raise civil claims against judges, then 'judges would lose that independence without which no judiciary can either be respectable or useful.'" Id. (internal quotation marks omitted) (quoting Butz v. Economou, 438 U.S. 478, 509, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978)). Furthermore, "when an adjudication within an administrative agency shares enough of the characteristics of the judicial process, the agency is

absolutely immune from suits for damages." Labrec, 52 Wn. App. at 190; see also Lutheran Day Care v. Snohomish County, 119 Wn.2d 91, 127, 829 P.2d 746 (1992) (absolute immunity of quasi-judicial officers extends to governmental entities vicariously liable for the individual officers' acts).

Labrec established that "the [Employment Security] Department and its adjudicating officers are absolutely immune from liability when acting in a judicial capacity." 52 Wn. App. at 189, 192. Accordingly, the Department's decision denying Ferguson unemployment benefits is a judicial action absolutely immune from civil suit. Ferguson's suit is premised entirely on his contention that the Department harmed him by issuing its decision denying unemployment benefits. His allegations relate solely to the Department's resolution of conflicting evidence in an adjudicative proceeding. This is precisely the sort of case quasi-judicial immunity is meant to protect against—to ensure that judicial officers, and by extension agencies, can administer justice without fear of personal consequences.

Even if Ferguson's claims were not barred by quasi-judicial immunity, his claims are barred as a matter of law. Ferguson's quarrel with the Department's decision to deny his claim for unemployment benefits stems from the finding of fact that Ferguson had alcohol on his breath. But this court addressed this argument when affirming the Department's denial of benefits.

> Ferguson next contends that the commissioner erred in finding that he came to work with alcohol on his breath. He contends that the evidence showed only that his body odor or perspiration smelled of metabolized alcohol. But substantial evidence supports the challenged finding. [One Baker employee] testified that "on occasion, I suppose, that maybe it smelled like it was coming from your breath," [and another employee] testified that the smell "could possibly" have come from Ferguson's breath. Moreover, even if the

findings were erroneous, it is insignificant. Ferguson was terminated for coming to work smelling of alcohol. The source of the smell is immaterial.

Ferguson, 2017 WL 4480784 at *4 (emphasis added). This ruling forecloses Ferguson's claims for defamation and intentional infliction of emotional distress.

To establish his defamation claim, Ferguson must show falsity, an unprivileged communication, fault, and damages. Life Designs Ranch, Inc. v. Sommer, 191 Wn. App. 320, 330, 364 P.3d 129 (2015). As a matter of law, Ferguson cannot establish falsity where this court has previously ruled that the challenged finding of fact was supported by substantial evidence.

Ferguson's claim for intentional infliction of emotional distress similarly fails. The first element of an intentional infliction of emotional distress claim is extreme and outrageous conduct. Strong v. Terrell, 147 Wn. App. 376, 385, 195 P.3d 977 (2008). As a matter of law, Ferguson cannot establish extreme and outrageous conduct where this court has previously ruled that the challenged finding of fact was supported by substantial evidence.

Lastly, Ferguson's claims for negligence and negligent infliction of emotional distress also fail. To establish either, Ferguson must first show the Department owed him a duty. Munich v. Skagit Emergency Commc'n Ctr., 175 Wn.2d 871, 877, 288 P.3d 328 (2012) (negligence); Kumar v. Gate Gourmet Inc., 180 Wn.2d 481, 505, 325 P.3d 193 (2014) (negligent infliction of emotional distress). Because Ferguson claims the Department—a governmental entity— was negligent, he must show under the public duty doctrine that "the duty breached was owed to him . . . in particular, and was not the breach of an obligation owed to

the public in general, i.e., a duty owed to all is a duty owed to none." <u>Munich</u>, 175 Wn.2d at 878. Ferguson alleged no facts sufficient to show the Department owed him a particular duty. As a matter of law, with no showing of duty, Ferguson cannot establish the Department was negligent.

Because the Department is immune from Ferguson's civil action for damages and because it was entitled to judgment as a matter of law, the court did not abuse its discretion in denying Ferguson's motion to continue the summary judgment hearing nor did it err in granting the Department's motion for summary judgment.

Affirmed.

Andrus, A.C.J.

WE CONCUR:

Mann, C.J.                          Leach, J.