571 P.2d 681

**Beulah V. SMITH, Appellant,**

v.

**CORONADO FOOTHILLS ESTATES HOMEOWNERS ASSOCIATION, INC., an Arizona Corporation, Appellee.**

**No. 2 CA–CIV 2428.**

Court of Appeals of Arizona, Division 2.

June 27, 1977.

Rehearing Denied July 28, 1977.

Review Granted Sept. 20, 1977.

Price, Tinney, Lindberg & Gianas by John Price, Tucson, for appellant.

Harrison G. Dickey, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

In an action for wrongful injunction can one recover a sum greater than the amount of the injunction bond? That is the issue which is determinative of the disposition of this case.

The record shows that appellee filed a complaint wherein it sought an order, both pendente lite and permanently, compelling appellant to cease and desist construction of a residence allegedly in violation of certain deed restrictions. A temporary restraining order was issued, without notice, restraining and enjoining appellants from further construction of the residence, and, pursuant to the order of the court, appellee posted an injunction bond in the sum of $10. Appel-lant was served with the temporary restraining order on June 10, 1974 and on June 13th, a hearing was held at which time the temporary restraining order was dissolved. On June 28, the trial court ruled that appellee was not entitled to a preliminary injunction since appellee was not the real party in interest. Appellee then commenced a special action in this court challenging the ruling of the trial court. We found that the trial court did not exceed its jurisdiction or abuse its discretion in its ruling.

Appellant filed a counterclaim against the appellee seeking damages for wrongful injunction and after a trial to the court it ruled that appellant was entitled to damages but limited them to the sum of $10, the amount of cash bond posted. We believe that the trial court was correct and therefore affirm.

The right to recover for wrongful injunction, without proving malicious prosecution, is derived solely from Rule 65(e), Rules of Civil Procedure. It states:

"No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the State or of an officer or agency thereof."

Our rule was adopted from Rule 65(c), Federal Rules of Civil Procedure. Under federal law a party enjoined may recover damages from an injunction improvidently granted fully upon and to the extent of any injunction bond unless he can prove malicious prosecution. *United Motors Service, Inc. v. Tropic-Aire, Inc.*, 57 F.2d 479 (8th Cir. 1932); *Greenwood County v. Duke Power Company*, 107 F.2d 484 (4th Cir. 1939); *Northeast Airlines, Inc. v. World Airways, Inc.*, 262 F.Supp. 316 (D.C.Mass. 1966). This rule is also followed by state courts. See 43 C.J.S. Injunctions § 311. There was no liability at common law for damages resulting from an injunction erro-

**186**

neously granted unless the case was one of malicious prosecution. *United Construction Workers v. H. O. Canfield Company,* 19 Conn.Supp. 450, 116 A.2d 914 (1955). It is only by reason of the bond, and upon the bond, that recovery can be had. Therefore the obligation is limited to the amount of bond itself. *United Motors Service v. Tropic-Aire, supra.* As is said in the case last cited:

> "The philosophy of the matter is that an error in granting an injunction is an error of the court, for which there is no recovery in damages unless the same is sufficiently intentional as to be the basis of a suit for malicious prosecution, otherwise the damage is damnum absque injuria." 57 F.2d at 483.

Appellant did not plead nor prove a case for malicious prosecution and therefore cannot recover for any sum greater than the amount of the injunction bond.

■ Appellant claims that limiting her recovery for wrongful injunction to the amount of the bond violates the due process clause of the United States Constitution and the Constitution of the State of Arizona and further violates Art. 2, § 31 of the Constitution of Arizona which provides:

> "No law shall be enacted in this State limiting the amount of damages to be recovered for causing the death or injury of any person."

And Art. 18, § 6, Constitution of Arizona which reads:

> "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

We do not agree with appellant's position. Neither article applies to causes of action which did not exist at the time of the Constitution's adoption. *Rail N Ranch Corporation v. State,* 7 Ariz.App. 558, 441 P.2d 786 (1968). The rationale of this latter case would also apply to an alleged violation of due process.

The judgment of the trial court is affirmed.

HATHAWAY, and RICHMOND, JJ., concurring.