571 P.2d 668

**Beulah V. SMITH, Appellant,**

v.

**CORONADO FOOTHILLS ESTATES HOMEOWNERS ASSOCIATION, INC., an Arizona Corporation, Appellee.**

**No. 13340–PR.**

Supreme Court of Arizona,
In Banc.

Nov. 8, 1977.

Price, Tinney, Lindberg & Gianas by John Price, Tucson, for appellant.

Harrison G. Dickey, Tucson, for appellee.

CAMERON, Chief Justice.

We granted this petition for review to answer only one question: May the recovery of damages for wrongful injunction exceed the amount of the bond given pursuant to Rule 65(e), Arizona Rules of Civil Procedure? We have jurisdiction under Rule 47(b), Rules of the Supreme Court.

Appellee, Coronado Foothills Estates Homeowners Association (Association), filed a complaint for permanent injunction on 4 June 1974, against Mrs. Beulah Smith, appellant, claiming it would be irreparably damaged if Mrs. Smith was allowed to continue building her home contrary to deed restrictions. The Association, without notice to Mrs. Smith, obtained a temporary restraining order on the day the complaint was filed prohibiting Mrs. Smith from further construction of her residence alleged to be in violation of deed restrictions. The court set the amount of bond as $10. Mrs. Smith was served with the temporary re-

straining order on 10 June 1974. The temporary restraining order was dissolved by the trial court on 13 June 1974 after Mrs. Smith was heard on the matter pursuant to the order to show cause. On 28 June 1974, the trial court determined a preliminary injunction could not issue.

On 15 July 1974, the Association brought a special action in the Court of Appeals, Division II, challenging the determination of the trial court on its standing to sue. The Court of Appeals held that the trial court "did not exceed its jurisdiction nor abuse its discretion." Mrs. Smith then filed an answer and counterclaim to recover damages for wrongful injunction.

The trial court and the Court of Appeals determined that under Rule 65(e), Arizona Rules of Civil Procedure, 16 A.R.S., Mrs. Smith's recovery was limited to the $10 cash bond. We do not agree.

There are three stages in litigation where injunctive remedies are requested. First is the temporary restraining order or injunction usually issued ex parte at the commencement of the proceedings. Second is the preliminary injunction issued after an initial hearing usually as the result of an order to show cause, but before a final determination of the matter. The third is the permanent injunction issued after a decision on the merits.

In the instant case, we are concerned with a bond issued with a temporary restraining order obtained ex parte. A bond is usually required at this stage in order to indemnify the party enjoined for damages incurred as a result of an improperly granted restraining order obtained without an opportunity by the party to be heard:

"The injunction bond appears to be the result of the interaction of two major competing considerations. On the one hand is the traditional reluctance to penalize a plaintiff for resorting to the judicial process or to make him pay a price for his remedy. On the other is the extreme caution which often permeates judicial proceedings and is reflected in their elaborate safeguards—the apprehension of a rash result or a judgment rendered after inadequate deliberation. Anticipatory relief in the form of an interlocutory judicial directive which stakes the dignity and authority of the court on a decision made without extensive presentation of the facts or opportunity for argument seems inconsistent with this established principle.

"Theoretically justice would be best served if adjudication could take place immediately upon the birth of a controversy. (footnote omitted) Thus the court has an interest of its own in maintaining the status quo until the parties' rights are adjudicated; yet it cannot justify impeding the ordinary course of events because of a decision reached on an incomplete hearing unless, as the case is resolved, the plaintiff was entitled to equitable relief. If the interlocutory injunction is untimately made permanent, the anticipatory "remedy amounts to a retroactive effectuation of the plaintiff's right. But if the permanent injunction is not forthcoming on the full hearing, the granting of anticipatory relief, in addition to having been a departure from the ordinary practice of full deliberation, was actually erroneous in the sense that it turns out to have been a step which would never have been taken had full deliberation been brought to bear at the outset." Note, Interlocutory Injunctions and the Injunction Bond, 73 Harvard Law Review 333, 336 (1959).

Rule 65(e) of the Arizona Rules of Civil Procedure, 16 A.R.S., provides:

"Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the State or of an officer or agency thereof."

This rule is almost identical to Federal Rule of Civil Procedure, Rule 65(c). The federal courts as well as an overwhelming majority of the state courts hold that recov-

ery for wrongful injunction is limited to the amount of the bond unless malicious prosecution is shown. Moore's Federal Practice, ¶ 65.10[1]; Annot., 45 A.L.R. 1517.

> "The philosophy of the matter is that an error in granting an injunction is an error of the court, for which there is no recovery in damages unless the same is sufficiently intentional as to be the basis of a suit for malicious prosecution, otherwise the damage is damnum absque injuria." *United Motors Service, Inc. v. Tropic-Aire, Inc.*, 57 F.2d 479, 483 (8th Cir. 1932).

We have found only five jurisdictions which allow recovery from wrongful injunction in excess of the amount of the bond: Vermont [*Houghton v. Grimes*, 103 Vt. 54, 151 A. 642 (1930)]; Louisiana [*Davis v. Poitevant & Favre Lumber Co.*, 15 La.App. 657, 132 So. 790 (1931)]; Illinois [*Kohlsaat v. Crate*, 114 Ill. 14, 32 N.E. 481 (1892)]; Indiana [*Howard D. Johnson Co. v. Parkside Dev. Corp.*, La.App., 348 N.E.2d 656 (1976)]; and Texas:

> "* * * We think the rule is established in this state that, where a party has been enjoined and has suffered damages by reason of the wrongful issuance of an injunction, he may recover against the sureties on the injunction bond the amount of his actual damages not exceeding the sum named in it, and may in the same action recover against the principal on the bond all actual damages proximately resulting from its wrongful issuance, whether the injunction was sued out maliciously or without probable cause." *Johnson v. McMahan*, 40 S.W.2d 920, 922 (Tex.Civ.App.1931).

Notwithstanding the weight of authority to the contrary, we believe the minority view is the better one.

The majority view ignores the procedures usually involved in obtaining a temporary restraining order at the commencement of a lawsuit. The application is usually made ex parte and the court has no opportunity to hear from the person being enjoined or restrained. If the attorney for the plaintiff believes, as he usually does, that his cause is just and that there are few or no equities on the side of the person being sued, he can feel justified in suggesting to the court that only a nominal bond is necessary. To give a party what, in actual practice, amounts to the right to limit the amount of damages that may be recovered against him is too great a temptation even to the most fair minded. Having caused the injury in the first place, we see no injustice in allowing a recovery for actual damages against the party who asked for and obtained the wrongful issuance of the injunction.

> "* * * The amount of the bond in such cases is usually little more than an estimate by the court based upon matters of opinion or ex parte statements, and, where it proves to be wholly inadequate to cover the injured party's actual damages, we see no good reason why the party causing the damage should not be held responsible for it. * * * This rule, of course, would not apply to the sureties on the injunction bond. Their liability is limited to the amount fixed in the bond." *Miller Surfacing Co. v. Bridgers*, 269 S.W. 838, 840 (Tex.Civ.App.1924).

In the instant case the $10 cash bond was patently insufficient to provide the security "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Arizona Rules of Civil Procedure, 65(e), 16 A.R.S. Therefore, we hold, in the circumstances of this case, that the Association is liable beyond the amount of the bond for damages incurred or suffered as the result of the wrongful temporary restraining order.

The judgment of the trial court is reversed and the matter remanded for proceedings not inconsistent with this opinion. The opinion of the Court of Appeals, Division II, *Smith v. Coronado Foothills Homeowners Association*, 117 Ariz. 184, 571 P.2d 681 (App.1977) is vacated.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.