838 P.2d 1334

**Maxine HAYS, a single person, Plaintiff–Appellant,**

v.

**CONTINENTAL INSURANCE COMPANY, a corporation, Defendant–Appellee.**

**No. 1 CA–CV 90–600.**

Court of Appeals of Arizona, Division 1, Department D.

April 14, 1992.

Review Granted Nov. 3, 1992.

574

Arnett & Arnett by Mark W. Arnett, Wayne C. Arnett, Tempe, for plaintiff-appellant.

Robbins & Green, P.A. by David J. Gilchrist, Phoenix, and Grossman, O'Grady & McGoldrick by Michael J. O'Grady, Scottsdale, for defendant-appellee.

OPINION

VOSS, Judge.

Plaintiff/Appellant Maxine Hays challenges the constitutionality of Ariz.Rev. Stat.Ann. ("A.R.S.") § 23–930, which provides that the Arizona Industrial Commission has exclusive jurisdiction over complaints that an employer, self-insured employer, insurance carrier or claims processing representative engaged in unfair practices or bad faith in processing workers' compensation claims.

I. FACTS AND PROCEDURE BELOW

Plaintiff injured her back in a job-related accident. Continental Insurance Company (Continental), the insurance carrier, denied benefits to plaintiff. Plaintiff filed in the superior court an action in tort against Continental. Plaintiff alleged that Continental knowingly breached its duty of good faith and fair dealing owed to plaintiff by denying and delaying benefits without a reasonable basis for doing so. Plaintiff asserted that as a result of the wrongful conduct of Continental she suffered emotional distress as well as out-of-pocket expenses.

Continental filed a motion to dismiss arguing that the superior court did not have jurisdiction over plaintiff's complaint because A.R.S. § 23–930(A) gives the commission exclusive jurisdiction over bad faith claims arising in a workers' compensation setting.[1] Plaintiff argued that the statute is unconstitutional because it violates art. 18, § 6 of the Arizona Constitution, which forbids legislative abrogation of the right to bring common law actions to recover damages for injuries. Plaintiff further contended that A.R.S. § 23–930 unconstitutionally limited her damages for bad faith and deprived her of her right to a trial by jury.

The trial court dismissed plaintiff's action, declining to find A.R.S. § 23–930 unconstitutional because art. 18, § 8 of the Arizona Constitution allows a workers' compensation scheme by which an employee may elect between receiving workers' compensation benefits or retaining the right to sue the employer or the employer's agents. The court found that because plaintiff had chosen the workers' compensation law alternative, the commission was the forum for her claims. Plaintiff timely appealed the dismissal of her complaint.

II. DISCUSSION

On appeal, plaintiff argues that A.R.S. § 23–930 is unconstitutional because

1. A.R.S. § 23–930 provides in part:
 A. The commission has exclusive jurisdiction as prescribed in this section over complaints involving alleged unfair claim processing practices or bad faith by an employer, self-insured employer, insurance carrier or claims processing representative relating to any aspect of this chapter. The commission shall investigate allegations of unfair claim processing or bad faith either on receiving a complaint or on its own motion.

 B. If the commission finds that unfair claim processing or bad faith has occurred in the handling of a particular claim, it shall award the claimant, in addition to any benefits it finds are due and owing, a benefit penalty of twenty-five per cent of the benefit amount ordered to be paid or five hundred dollars, whichever is more.

it abrogates her right to bring a bad faith cause of action, limits her recovery of damages and abolishes her right to a trial by jury. Continental asserts that plaintiff is barred from attacking A.R.S. § 23–930 on constitutional grounds because a litigant may not claim affirmative relief under a legislative act and also argue that a portion of the act is unconstitutional. *See Haggard v. Industrial Commission,* 71 Ariz. 91, 223 P.2d 915 (1950). This general rule does not require unconditional adherence. *Ruth v. Industrial Commission,* 107 Ariz. 572, 574, 490 P.2d 828, 830 (1971). This court has the power to hear a challenge such as the one before us and will do so in appropriate circumstances. *Id.* We choose to consider plaintiff's appeal for three reasons: (1) she has not availed herself of the relief available under A.R.S. § 23–930; (2) this situation is capable of repetition yet evading review; and, (3) this issue is one of great statewide importance. *Id.*

IS A CAUSE OF ACTION FOR BAD FAITH AGAINST AN INDUSTRIAL COMMISSION INSURANCE CARRIER PROTECTED BY ART. 18, § 6 OF THE ARIZONA CONSTITUTION?

■ The Arizona Constitution, art. 18, § 6, provides:

The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.

The plaintiff contends that this provision precludes the enactment of a statute limiting or abrogating her right to recover for the bad faith of the insurance carrier. Our courts have recognized that art. 18, § 6 protects all actions recognized at common law at the time of its adoption. *Bryant v. Continental Conveyor & Equip. Co.,* 156 Ariz. 193, 751 P.2d 509 (1988). However, the protection does not extend to causes of action not recognized at common law. *Id.* (protection does not extend to strict products liability because tort of strict products liability did not exist when art. 18, § 6 was adopted).

■ Plaintiff cites *Franks v. United States Fidelity & Guaranty Company,* 149 Ariz. 291, 718 P.2d 193 (App.1985), for the proposition that the cause of action for bad faith was recognized at common law and is therefore protected by art. 18, § 6. In *Franks* this court held that the tort of insurance bad faith was protected by art. 18, § 6 because an obligation to act with good faith was a "well-recognized principle of the common law." *Id.* at 299, 718 P.2d at 201. While we agree that is so, that obligation did not create a cause of action in tort. Instead, the cause of action for bad faith was recognized in Arizona for the first time in 1981 when our supreme court held "there is a legal duty implied in an insurance contract that an insurance company must act in good faith in dealing with its insured on a claim, and a violation of that duty of good faith is a tort." *Noble v. National American Life Ins. Co.,* 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981). The court recognized the tort of bad faith only in relation to insurance contracts. *Id.*

■ The *Franks* court's finding that the tort of bad faith arose from long established principles of common law, and was thus protected by art. 18, § 6, is inconsistent with the supreme court's holding in *Noble*. *Noble* focused on the fact that the contract in question was an insurance contract and limited its holding establishing a cause of action for bad faith to cases involving insurance contracts. However, all contracts in Arizona contain an implied obligation of good faith and fair dealing. *Rawlings v. Apodaca,* 151 Ariz. 149, 726 P.2d 565 (1986). If that implied obligation with respect to an insurance contract is sufficient to give the insured a constitutionally protected right to sue for bad faith, would not the same obligation with respect to other types of contracts also guarantee the same right? Does every breach of contract give rise to a cause of action for bad faith? If this were so it would give a new meaning to the phrase "explosion of tort litigation" as in many cases the damages available in a bad faith action will be much more attractive than the damages available in a breach of contract action.

Plaintiff also argues that a cause of action for bad faith is an intentional tort and is therefore protected by art. 18, § 6 be-

cause intentional torts were part of the common law. *Franks*, 149 Ariz. 291, 718 P.2d 193. This approach has been rejected by our supreme court in *Bryant*, 156 Ariz. 193, 751 P.2d 509. In *Bryant* the court held that strict products liability did not exist at the time art. 18, § 6 was adopted and thus was not protected by the provision. Earlier the supreme court had recognized that some strict liability torts existed at common law and are entitled to protection under art. 18, § 6. *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 9, 730 P.2d 186 (1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 527 (1987) (common law imposed strict liability on publisher of defamatory statements, thus the right to recover damages resulting from defamation is protected by art. 18, § 6.)[2] The supreme court, by its decision in *Bryant*, indicated its rejection of a classification approach to the analysis of whether a cause of action existed at common law, in favor of an approach that focuses on the actual cause of action, rather than its label.

We find that the cause of action for insurance bad faith did not exist at common law and is therefore not protected by art. 18, § 6 of the Arizona Constitution.

■ Plaintiff also contends that A.R.S. § 23–930 violates art. 2, § 31 of the Arizona Constitution. Art. 2, § 31 does not apply to causes of action that did not exist when the Arizona Constitution was adopted, thus plaintiff's argument fails. *Smith v. Coronado Foothills Estates Homeowners Ass'n, Inc.*, 117 Ariz. 184, 571 P.2d 681 (App.1977), *vacated on other grounds*, 117 Ariz. 171, 571 P.2d 668 (1977).

DOES A.R.S. § 23–930 VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHT TO A JURY TRIAL PURSUANT TO ART. 2, § 23 OF THE ARIZONA CONSTITUTION?

■ Plaintiff asserts that A.R.S. § 23–930 violates her constitutional right to a jury trial. We disagree. Art. 2, § 23 does not give a right to a jury trial, rather, it guarantees preservation of the right to a jury trial that existed at common law. *Hoyle v. Superior Court In and For County of Maricopa*, 161 Ariz. 224, 778 P.2d 259 (App.1989). The cause of action for insurance bad faith did not exist at common law, thus there could be no right to a jury trial. If the plaintiff has no constitutional right to a jury trial, the legislature has considerable discretion in deciding whether a jury trial will be afforded. *Rothweiler v. Superior Court of Pima County*, 1 Ariz.App. 334, 402 P.2d 1010 (1965), *aff'd*, 100 Ariz. 37, 410 P.2d 479 (1966).

■ Ariz.Rev.Stat.Ann. § 23–930 provides that cases involving bad faith arising out of workers' compensation claims are within the exclusive jurisdiction of the industrial commission. The legislature exercised its discretion when it enacted A.R.S. § 23–941, which provides that hearings concerning workers' compensation claims shall be before an administrative law judge. The legislature enacted the Workers' Compensation Act pursuant to art. 18, § 8 of the Arizona Constitution. The purpose of the act was to curtail litigation between employers and employees and insure injured employees sure and speedy compensation. *See Ream v. Wendt*, 2 Ariz. App. 497, 410 P.2d 119 (1966). Holding hearings before an administrative law judge rather than a jury furthers the purpose of the act. We find no error in the legislature's decision to deny jury trials in workers' compensation cases.

## CONCLUSION

For the reasons discussed above, we find that A.R.S. § 23–930 does not violate art. 18, § 6, art. 2, § 31 or art. 2 § 23 of the Arizona Constitution. The trial court's or-

---

2. We note that the *Boswell* court does state that art. 18, § 6 preserves common law rights and our common law is not frozen as of 1912 when the constitution was adopted. The court was not extending the protection of the constitution to causes of action not recognized at common law, rather the court was stating that the remedies available for wrongs recognized at common law could not be frozen in time. The court states that the long dead cannot dictate *solutions* to modern day problems.

der dismissing the plaintiff's complaint is affirmed.

SHELLEY, J.*, concurs.

GERBER, Presiding Judge, dissenting.

The majority position implies three interrelated propositions: (1) that the bad faith tort is a late judicial novelty not protected under art. 18, § 6 of the Arizona Constitution; (2) that the insurer's bad faith is part and parcel of the worker's compensation injury; and (3) that the worker's right to bring an action for bad faith has been regulated, not abrogated, by A.R.S. § 23–930. I disagree with the majority on these points.

As to the first issue, art. 18, § 6 of the Arizona Constitution protects *rights*, not legal labels. The constitution eschews labels; instead it protects the broad "right of action to recover damages for injuries." The right here is not the pigeonhole tort of bad faith but the broad right of a contracting party to be dealt with in good faith. This right has its roots in the Magna Carta. Within this country it was recognized long before Arizona's constitutional convention of 1910, well before a segment of that right was labeled a tort. Insurer bad faith was recognized prior to Arizona statehood in a contract context in *Germania Ins. Co. v. Rudwig*, 80 Ky. 223 (1882) and in *Flint & Walling Mfg. Co. v. Beckett*, 167 Ind. 491, 79 N.E. 503 (1906). Even earlier, in *Manhattan Fire Ins. Co. v. Weill & Ullman*, 69 Va. (28 Gratt) 389, 396 (1877), the Virginia Supreme Court held that where good faith and fair dealing are of the very essence of a contract of insurance, "insurance companies will be estopped from asserting a defence [sic] which not only tends to a breach of good faith, but to actual and positive fraud." Even the fountainhead of the modern tort of bad faith, *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973), explicitly says that the right is rooted in a breach of a contractual duty, i.e., in pre-statehood com-

mon law of contract. *Id.*, 108 Cal.Rptr. at 486, 510 P.2d at 1038.

Collateral constitutional interpretation also supports this view. Art. 18, § 6 of our constitution is a direct borrowing from art. 23, § 7 of the 1907 Oklahoma constitution which prohibits abrogation of "the right of action to recover damages for injuries resulting in death." The Oklahoma Supreme Court interpreted the phrase "right of action" in *Roberts v. Merrill*, 386 P.2d 780, 785 (Okla.1963), to protect the entire right of action, not merely a particular label for a theory of litigation:

> The "*right of action*"—a term far from synonymous with "*cause of action*"— means the right to effectively pursue an available remedy in a suitable forum, whether successfully or not.... The existence of a cause of action would not be meaningful without an adequate opportunity for its pursuit. That opportunity stands constitutionally protected.

(Emphasis added; citations omitted.)

As to the second issue, the majority, like the statute, implies a consequential link between the on-the-job injury and the insurer's bad faith. This assumed link contradicts *Franks v. United States Fidelity*, 149 Ariz. at 293, 718 P.2d at 195:

> When a workers' compensation insurer acts in bad faith in settlement or payment of compensation benefits, a *separate tort is committed that is not within the purview of the exclusivity provisions of the Workers' Compensation Act* and a separate tort of bad faith may be alleged and proved in court.

(Emphasis added.)

Apart from the law in *Franks*, in every imaginable factual respect the work place injury and the insurer's subsequent bad faith lack any relationship other than caprice. Insurer bad faith is neither the natural or usual consequence of the work injury, nor does it arise "out of or in the course of employment," nor does it occur in or near the work place, nor does it impact the employer-employee relation. This unfound-

---

* The Honorable MELVYN T. SHELLEY, a retired judge of the Court of Appeals, was authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 20.

ed link between work injury and insurer bad faith is a tenuous gossamer upon which to erect an administrative edifice for bad faith claims. That the employee's election of workers' compensation includes informed election of the administrative and monetary limits of § 23–930 is more tenuous to the point of fiction.

As to the third proposition—regulation versus abrogation,—the majority ignores the practical monetary ranges in the statute and the wholesale delegation of the authority to define bad faith to the whim of an administrative agency. *Boswell v. Phoenix Newspapers,* 152 Ariz. at 18, 730 P.2d at 195, set forth the following test:

> "We differentiate between abrogation and regulation by determining whether a purported legislative regulation leaves those claiming injury a reasonable possibility of obtaining legal redress."

(Citations omitted).

The traditional lawsuit in a traditional courtroom places no ceiling on bad faith recovery. By contrast, the statute imposes fixed limitations ($500 or 25% benefit.) It tacitly denies common law avenues of recovery such as pain and distress. It delegates to the Industrial Commission the power to redefine the tort of bad faith by administrative rule wholly as that agency wishes. In tying recovery to a percentage of benefit, the statute also implies greater-lesser proportionality between the work place injury and the bad faith injury. In fact there need be no such relationship: one can readily conceive of disproportionately major bad faith in processing a minor work place injury, as well as vice versa. This trinity of flaws—the proportionality misconception, the dollar ceiling and the delegation of the right of recovery to an administrative agency—violate the prohibitions in art. 2, § 31 and art. 18 § 6 and realistically abrogate the worker's cause of action for bad faith.

Our constitutional founders would wince at this abrogation of the common law right to recover for insurer bad faith. They showed profound concern for the plight of injury victims. *See Kenyon v. Hammer,* 142 Ariz. 69, 79–81 n. 9, 688 P.2d 961, 971–73 n. 9 (1984) (detailed review of constitutional debates relating to protection of accident victims). They abolished the fellow servant doctrine, made contributory negligence a question solely for the jury, and barred the legislature from reducing damages recoverable for death or injury. They mandated the institution of a comprehensive workers' compensation scheme and declared that the legislature would *never* be permitted to abrogate the right to seek judicial recovery of damages for personal injuries. *See e.g.* J.W. Byrkit, *Forging the Copper Collar: Arizona's Labor–Management War of 1901–1921* (1982). These goals are inconsistent with the majority opinion.

While administrative alternatives need to complement the traditional court system, burying a living segment of Anglo–American contract common law in an administrative crypt is hardly curative medicine. To redefine, cap and then eviscerate the right of recovery for insurer bad faith via the administrative efficiencies enshrined in A.R.S. § 23–930 is contrary both to our constitution and to our history. I find the statute both unconstitutional and unhistorical.