[No. 12880-9-I. Division One. June 30, 1986.]

LEIF B. JENSEN, JR., *Appellant,* v. HARVEY J. TORR, ET AL, *Respondents.*

---

*Patrick R. Burns* and *Burns & Donais,* for appellant.

*Leslie Wagner, Mark W. Davis,* and *Curran, Kleweno, Johnson & Curran,* for respondents Torr.

*P. Stephen DiJulio, City Attorney,* for respondent Kent.

REVELLE, J.*—Leif B. Jensen, Jr., appeals the trial court's judgment dismissing his action against the City of Kent for wrongful revocation of his building and zoning permits and against his neighbors, the Torrs, for wrongful injunction and tortious interference with his contractual relationships and with the construction of his home. Jensen

---

*Judge George H. Revelle is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

alleges that the trial court erred in declaring the City immune from liability, in limiting his recovery for wrongful injunction to the amount of the injunction bond, in precluding testimony regarding damages for pain and suffering, and in awarding him less than the requested amount for other damages. The City and the Torrs cross–appeal the court's award of damages. We affirm.

## FACTS

The issues in the case arise out of a judgment in a previous lawsuit brought by the Torrs against Jensen. On June 12, 1980, the City issued Jensen a zoning permit for the construction of his home in Kent. The City issued the building permit on June 30, 1980. Jensen started building around July 12, 1980. When construction began, the Torrs were concerned that Jensen's house would obstruct their view so they sought to have the issuance of the permits reviewed. On July 22, 1980, the Superior Court issued a temporary restraining order and order to show cause on behalf of the Torrs. On July 24, 1980, there was a hearing on the motion for the temporary restraining order, after which the court granted the order until August 14, 1980. The Torrs posted a $1,000 injunction bond.

A hearing was held on August 5, 1980, before the Kent Board of Adjustment. Jensen did not receive notice of the hearing and was not present. The Board revoked the issuance of Jensen's zoning permit, which had the effect of nullifying the building permit.

On August 22, 1980, Jensen filed a petition in superior court for writ of certiorari to review the Board's action. On December 18, 1980, the court determined that the hearing before the Board was contrary to law, and the court remanded the matter back to the Board for rehearing. In February 1981, the Board reinstated the zoning permit. Jensen resumed construction and completed the house in July 1981.

On October 6, 1980, Jensen filed an affidavit opposing the imposition of the temporary injunction. In the affidavit, he

requested that the injunction bond be set at $100,000. The court apparently denied the request.

In November 1981, Jensen filed the present action against the City and the Torrs. In an amended complaint he alleged that the City wrongfully revoked his building and zoning permits, and that the Torrs wrongfully obtained an injunction as well as tortiously interfered with his contractual relationships and with the construction of his home. On November 23, 1982, the court entered a partial summary judgment, limiting any liability of the Torrs for wrongful injunction to $1,000, the amount of the injunction bond.

At the bench trial in December 1982, Jensen testified regarding the damages he incurred as a result of the delay in construction. He testified his original plans were to borrow $50,000 interest free from his wife's parents. He was to have then built the house with the help of his cousin, a general contractor, and after completion of the home (anticipated in December 1980) would have repaid his in-laws with a conventional loan at 13 percent interest, which Jensen testified was the then prevailing rate.

When Jensen finally began to build in February 1981, financing was no longer available to enable him to construct the house himself. He had to obtain a $56,000 construction loan at 15½ percent interest which was converted to a home mortgage at the end of the construction at 17 percent interest. The difference in monthly payments was $170 per month. In addition, there was a 1 percent fee ($560) for the construction loan. He also testified that he had to pay $3,077.87 in sales tax for labor and materials. He and his wife had also planned to keep their old house to rent out for $350 per month beginning in December 1980. The delay in construction forced them to give up the rental income and to eventually sell the house. He testified that his attorney's fees amounted to $5,259.

The court found that Jensen incurred $5,259 in attorney's fees and was damaged $5,000 for the difference in cost of mortgage financing when the home was completed. How-

ever, the court limited the liability of the Torrs for the wrongful issuance of the injunction to $1,000 and concluded Jensen had no right in equity to recover attorney's fees from the Torrs. The court also concluded that the City was immune from liability for the acts of the Board. The judgment limited Jensen's total recovery to $1,000.

## LIMITING LIABILITY TO BOND

Mr. Jensen first alleges that the trial court erred in limiting the Torrs' liability for wrongful injunction to $1,000, the amount of the injunction bond. CR 65(c) and RCW 7.40.080 provide that before an injunction or restraining order shall be granted, the requesting party must post a bond in an amount fixed by the court to cover damages and costs which may be incurred by the adverse party. In an action such as this for wrongful injunction, recovery is limited to the face amount of the bond plus interest from the date that the action is brought. *Tacoma v. Sperry & Hutchinson Co.*, 82 Wash. 393, 397, 144 P. 544 (1914); *Venegas v. United Farm Workers Union*, 15 Wn. App. 858, 863, 552 P.2d 210 (1976).[1] The public policy behind this rule is to encourage ready access to courts for good faith claims. *Tracy v. Capozzi*, 98 Nev. 120, 642 P.2d 591, 595, 30 A.L.R.4th 266 (1982); *see Venegas*, at 863 n.12.

Should the bond be inadequate, the person damaged directly by issuance or resistance of the injunction could only be compensated beyond the face amount of the bond by bringing a motion during the trial to increase the amount of the injunction bond. *Venegas*, at 864. In this case, a request to increase the bond was denied.

Under RCW 4.44.470, the setting of the bond is a matter solely within the trial court's discretion. *Hockley v. Hargitt*,

---

[1] *See Knappett v. Locke*, 92 Wn.2d 643, 647, 600 P.2d 1257 (1979), which states:

"In sum, a defendant ultimately prevailing may recover reimbursement for *any* damages caused by a temporary injunction granted upon a mere prima facie showing. A determination that a temporary injunction was properly granted does not necessarily preclude liability *on the bond*." (Italics ours.)

82 Wn.2d 337, 345, 510 P.2d 1123 (1973); *see Yamaha Motor Corp. v. Harris,* 29 Wn. App. 859, 865, 631 P.2d 423 (1981). The statute provides in part that after the bond is set, the court may require additional security on its own motion or on the motion of a party. "The court shall exercise care to require adequate though not excessive security in every instance." RCW 4.44.470.

Jensen acknowledges that the rule in *Venegas* is the majority rule. However, he urges this court to adopt the minority position that a person suffering damages as a result of the wrongful issuance of an injunction may recover the face amount of the bond as well as additional actual damages proximately resulting from its wrongful issuance. *E.g., Smith v. Coronado Foothills Estates Homeowners Ass'n,* 117 Ariz. 171, 571 P.2d 668, 670 (1977), where the court found a $10 cash bond "patently insufficient" and thus held that under the circumstances the party requesting the injunction would be liable for damages in excess of the bond. The *Smith* court noted that there were only five other jurisdictions which followed this rule. *Smith,* 571 P.2d at 670. We decline to abandon the majority rule.

Jensen claims that this rule violates his due process rights under U.S. Const. amend. 14 and Const. art. 1, § 3. He argues that his constitutional rights were violated because he did not know what evidence the court considered in initially setting the bond and because he claims he was not given the opportunity at the initial hearing to present evidence in support of a greater amount. He cites several cases in support of his claim. Not only are these cases distinguishable, but he ignores the fact that under RCW 4.44.470 and the case law, he had the right to move immediately for a greater bond, thus enabling the court to have before it all of the evidence that he wished. He filed an affidavit supporting a $100,000 bond. The court apparently denied his request to raise the amount of the bond, and we cannot say that this denial was an abuse of discretion.

■ The trial court entered findings of fact, conclusions

of law and a judgment in the injunction action. Jensen did not appeal that judgment and he should now be collaterally estopped from doing so. Collateral estoppel prevents the relitigation of an issue or determinative fact after the party estopped has had a full and fair opportunity to present his or her case. *Island Cy. v. Mackie*, 36 Wn. App. 385, 391, 675 P.2d 607 (1984). The doctrine applies only if the following questions are answered affirmatively:

> (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

*Island Cy.*, at 391 (quoting *Lucas v. Velikanje*, 2 Wn. App. 888, 894, 471 P.2d 103 (1970)). Affirmative answers may be given to the first three questions. While at first it appears unfair to limit Jensen's recovery on the injunction claim to $1,000, he already has had a full and fair opportunity to litigate this issue. The court simply ruled against him by keeping the amount of the bond at $1,000. There has been no injustice or violation of due process.

### CITY IMMUNITY

█ Jensen next alleges that the trial court erred in finding that the City was immune from liability for the acts of the Board. Proceedings of a board of adjustment are quasi–judicial in nature. *Beach v. Board of Adj.*, 73 Wn.2d 343, 345, 438 P.2d 617 (1968); *Messer v. Snohomish Cy. Bd. of Adj.*, 19 Wn. App. 780, 791, 578 P.2d 50 (1978). In the recent case of *Rayburn v. Seattle*, 42 Wn. App. 163, 166, 709 P.2d 399 (1985), the court found that the Police Pension Board's work was "functionally comparable to that of a judge" and therefore immune from suit. Using this reasoning, the actions of the Kent Board of Adjustment are also immune from suit.

In *Creelman v. Svenning*, 67 Wn.2d 882, 410 P.2d 606

(1966), a case involving immunity in a suit for malicious prosecution, the court stated that the public policy which requires immunity for a prosecutor also requires immunity for both the State and County "for acts of judicial and quasi–judicial officers in the performance of the duties which rest upon them". *Creelman,* at 885. Similarly, in this context because the Board is a quasi–judicial body, *Messer,* at 791, the City is immune from liability for its actions.

## DAMAGES

Jensen next alleges that the trial court erred in refusing to allow testimony regarding his claim of damages for pain and suffering.

■ "General damages" are those which are the natural and necessary result of the wrongful act or omission asserted as the basis for liability. They are presumed by or implied in law to have resulted from the injury. "Special damages", arising from the special circumstances of the case, are the natural, but not the necessary, result of an injury and are not implied in law. 22 Am. Jur. 2d *Damages* § 15 (1965); 25 C.J.S. *Damages* § 2 (1966); *see* Restatement (Second) of Torts § 904 (1979). When items of special damages are claimed in a pleading they shall be specifically stated. CR 9(g); *Woodward v. Blanchett,* 36 Wn.2d 27, 40, 216 P.2d 228 (1950); *Prescott v. Matthews,* 20 Wn. App. 266, 270, 579 P.2d 407 (1978).

Clearly, damages for pain and suffering are special damages in the context of a cause of action for wrongful revocation of building and zoning permits, wrongful injunction, and tortious interference with a contractual relationship. Jensen's amended complaint specifically asked for damages for costs, delays, and unnecessary attorney's fees as a result of the causes of action mentioned above. The prayer for damages was not specific enough to enable Jensen to introduce evidence of pain and suffering at trial. The court did not err in ruling that the City and the Torrs did not receive timely notice of Jensen's claim of pain and suffering damages and in sustaining the objection to the admission of

evidence related thereto.

All three parties contest the trial court's findings related to the damages incurred in the delay in construction. Because we affirm the trial court's determination that the City is immune from liability and that the Torrs' liability is limited to $1,000, we find it unnecessary to further address the issue of damages. We do note that while the court found Jensen had incurred $5,259 in attorney's fees and the Torrs assign error to this finding, the court concluded that there was no equitable basis for making such an award. Therefore, it is unnecessary to address this assignment of error.

Affirmed.

RINGOLD, A.C.J., and WILLIAMS, J., concur.

Review denied by Supreme Court October 7, 1986.