[No. 18292-7-I. Division One. May 18, 1987.]

VERNON CLAUSING, *Appellant,* v. MICHAEL CLAUSING, ET AL, *Respondents.*

*William Hanson,* for appellant.

*John P. Mucklestone,* for respondents.

RINGOLD, A.C.J.—The appellant, Vernon D. Clausing, brought this action for moneys due against his son and daughter–in–law (O'Murphy).[1] The trial court granted O'Murphy's motion for summary judgment dismissing the action. Clausing appeals, arguing that there is a genuine issue of material fact as to whether the debt was extinguished. We agree with the trial court's determination that the bankruptcy court's decision is dispositive and affirm.

In 1978 O'Murphy was involved with Crown Roofing and Sheet Metal Company, Inc. He went to his father, Clausing, and stated that Crown was in good financial condition, but needed additional capital, and asked for a loan of $75,000. On May 24, 1978, O'Murphy executed a promissory note for $75,000 plus interest in favor of Clausing. The note provided for 72 monthly payments of $1,390. O'Murphy failed to make any payments after August 1978. From the record before us, we cannot tell whether all or part of the money was used by Crown.

However, on November 2, 1978, Crown executed a promissory note for $60,000 in favor of Clausing payable in monthly installments. The note was signed by Loren Mounce as vice–president of Crown and by O'Murphy (then Michael Clausing) as president of Crown. O'Murphy claimed that Clausing received and accepted the November

---

[1]Appellant's son, Michael, changed his name from Michael Clausing to Michael O'Murphy. Both he and his wife, Cathryn, will be referred to as O'Murphy.

note as a replacement for the May note, and that on December 4, 1978, Clausing agreed to convert the debt into an "equity interest" in Crown.

On June 28, 1979, Clausing filed a complaint for damages in King County Superior Court against Crown, and against Mounce and O'Murphy as owners and officers of Crown. Paragraph 2 of the complaint alleged:

> Facts: On the 2nd day of November, 1978, Crown Roofing and Sheet Metal, Inc. for valuable consideration . . . executed a promissory note . . . in the amount of Sixty Thousand Dollars ($60,000). This note was a replacement of an earlier note dated May 4, 1978. . . . The note was prepared by Michael Clausing. The note dated November 2, 1978, [was] also prepared by Michael Clausing. . . . No payments have been made on this note since November, 1978. This note is now delinquent. Demand has been made upon defendants for payment of said note.

On April 23, 1980, Crown filed a petition for reorganization under Chapter 11 in the Bankruptcy Court for the Western District of Washington. As a result, on July 17, 1980, the proceedings commenced in superior court were stayed. On October 29, 1980, a trial was held in bankruptcy court on Clausing's claim[2] to determine whether Clausing was a creditor of Crown. The court entered findings of fact and conclusions of law and a judgment. Finding of fact 2.1 provided:

> Agreement. On December 4, 1978, defendant V. D. Clausing executed a written agreement with Messrs. William G. Bellm and Lester Howard, which provided, inter alia, that the defendant agreed [to] release notes and other obligations, and to convert all amounts of debt owed to him by Crown Roofing into equity shares in Crown Roofing Company, Inc.

Conclusion of law 3.2 provided, *inter alia*:

> Defendant Not a Creditor. In executing the agreement of December 4, 1978, defendant V. D. Clausing converted

---

[2]This claim was based on the allegations contained in Clausing's complaint of June 28, 1979.

all of the debt then owed him to an equity holding in Crown Roofing, becoming a shareholder and divesting himself of creditor status. . . .

On December 8, 1982, Clausing filed this action for moneys due against O'Murphy, alleging that O'Murphy owed him $104,485.89 plus interest and costs based on O'Murphy's failure to pay the installments on the May 1978 note, stating: "It appearing that questions of fact exist relating to a debt alleged to be due from son to father." O'Murphy answered, alleging that the note had been fully paid and discharged. On December 5, 1985, O'Murphy moved to dismiss the complaint or, in the alternative, for summary judgment. The grounds for the motion were that: (1) there was a prior lawsuit pending between the parties regarding the same promissory note; (2) there was no genuine issue of material fact because the May 1978 note had been satisfied by the November 1978 note and by conversion of the debt into an equity interest in Crown; and (3) the bankruptcy court proceeding precluded review of the issue. On December 18, 1985, the trial court denied the motion. On March 31, 1986, upon a motion for reconsideration, the court granted the motion for summary judgment dismissing the action. The court determined, *inter alia,* that the decision of the bankruptcy court was dispositive of the case and Clausing was collaterally estopped by virtue thereof from raising the issue of the debt again. This appeal follows.

Clausing makes four major arguments as to why the trial court erred in granting summary judgment: (1) the May 1978 note was for a debt which O'Murphy owed him personally, while the November 1978 note was for a debt which Crown owed him; (2) the December 4, 1978 agreement does not affect the May 1978 note because Crown was not a party to the agreement and the agreement was never fulfilled; (3) the May 1978 note was not the subject of the lawsuit previously filed in superior court by Clausing against Crown Roofing and the complaint in that suit erroneously stated that the November 1978 note replaced the

May 1978 note;[3] (4) the decision of the bankruptcy court is not dispositive because its decision was incorrect and collateral estoppel should not apply under these facts. We direct our analysis to the last issue which is dispositive.

### Collateral Estoppel

■ Collateral estoppel prevents the relitigation of an issue or determinative fact after the party estopped has had a full and fair opportunity to present his or her case. *Jensen v. Torr,* 44 Wn. App. 207, 213, 721 P.2d 992 (1986); *Island Cy. v. Mackie,* 36 Wn. App. 385, 391, 675 P.2d 607 (1984). The doctrine only applies if affirmative answers can be given to the following questions:

> (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

*Rains v. State,* 100 Wn.2d 660, 665, 674 P.2d 165 (1983) (quoting *Seattle–First Nat'l Bank v. Cannon,* 26 Wn. App. 922, 927, 615 P.2d 1316 (1980)). *Jensen,* at 213. In the case at bar, all four of these questions are answered affirmatively. The Bankruptcy Court addressed the issue of whether the December 4 agreement extinguished the debts on the previous notes; it answered that question in the affirmative and found the subsequent note converted Clausing's interest in Crown from creditor to shareholder status. The court then entered a final judgment on the merits. O'Murphy is in privity with Crown, the party in the bankruptcy proceeding, in the sense that both cases con-

---

[3]Clausing's first three arguments from the record here were not advanced by Clausing until the present action was initiated. He contends now that the allegation in the June 28, 1979 complaint that the November 2, 1978 Crown note replaced the May 2, 1978 note was erroneously made by his attorney, and not verified by him. On May 19, 1980, Clausing filed his proof of claim in Crown's bankruptcy proceeding, attaching both the May 1978 and the November 1978 promissory notes.

cerned the debts of Crown. *See Woodruff v. Coate,* 195 Wash. 201, 213–14, 80 P.2d 555 (1938). Finally, the doctrine will not work an injustice on Clausing. If he was dissatisfied with the result in bankruptcy court he should have used the appellate procedures then available.

In summary, Clausing does not deny that the dispositive events in question occurred. Rather, his arguments on appeal stem from the fact that he is unhappy both with his past actions and those of his former attorney. The affidavits Clausing submitted below did not sufficiently rebut O'Murphy's assertions. On appeal Clausing brings up facts that were not before the court below, facts which this court may not consider. The trial court did not err in granting summary judgment.

The judgment of dismissal is affirmed.

SWANSON and GROSSE, JJ., concur.

Review denied by Supreme Court September 1, 1987.