[No. 52481-0-I.   Division One.   December 13, 2004.]

Lynda M. Hirata, et al., *Respondents*, v. Evergreen State Limited Partnership No. 5, et al., *Appellants*.

*Bryan P. Coluccio* (of *Cable Langenbach Kinerk & Bauer, L.L.P.*), for appellants.

*Scott C. Breneman* (of *Breneman Law Firm*) and *Paul-Stephen Aita* (of *Ricci Grube Aita, P.L.L.C.*), for respondents.

¶1 SCHINDLER, J. — The Washington State Supreme Court in *Blaney v. International Ass'n of Machinists & Aerospace Workers, District No. 160*, 151 Wn.2d 203, 87 P.3d 757 (2004), held that Washington's Law Against Discrimination (WLAD), chapter 49.60 RCW, authorizes a trial court to grant equitable relief and award a prevailing plaintiff an offset for tax consequences resulting from a jury's verdict and an attorneys' fees and cost award. A jury found in favor of Lynda Hirata and Melissa Volz for discrimination and sexual harassment under WLAD and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1-2000e-17, (Title VII). The trial court entered a judgment on the jury verdict against the employer and awarded Hirata and Volz attorneys' fees and costs. The trial court then granted Hirata and Volz's motion to award an offset against the employer for adverse tax consequences. We reject the employer's arguments that Hirata and Volz's motion for an offset was untimely, that the request violated the employer's right to a jury trial and to due process, or that it was barred by res judicata and collateral estoppel. We affirm the trial court's decision to award Hirata and Volz an offset for tax consequences.

## FACTS

¶2 Lynda Hirata and Melissa Volz worked at Outback Steakhouse restaurants in Everett and Kirkland. Hirata and Volz sued Evergreen State Limited Partnership No. 5, Evergreen State Limited Partnership No. 6, Evergreen State Restaurant Corporation and E-D Joint Venture (collectively Outback), the franchise owners of the Outback Steakhouse restaurants, for sex discrimination and sexual harassment. Hirata and Volz each alleged that Outback engaged in sex discrimination and sexual harassment in violation of WLAD, Title VII, the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 and Washington's wage and hours acts, chapters 49.46, 49.48 and 49.52 RCW. Hirata and Volz sought an award of damages including back pay, front pay, lost wages and compensatory damages, and requested the

court award attorneys' fees and costs and "any additional or further relief that the Court finds appropriate, equitable, or just."[1]

¶3 After a month-long trial, the jury returned verdicts in favor of Hirata and Volz. The jury found Outback discriminated against Hirata in violation of Title VII and WLAD, and awarded Hirata $50,000 in back pay and $75,000 in general damages. The jury found in favor of Volz on her sexual harassment claim under Title VII and WLAD, and awarded her $1,570.80 in back pay and $75,000 in general damages. The jury also found Volz established Outback violated the wage and hour laws and awarded her $6,368. The trial court entered judgment on the jury verdicts against Outback on November 18, 2002.

¶4 On November 27, Hirata and Volz filed a motion for an award of reasonable attorneys' fees and costs. On January 6, 2003, the trial court entered a supplemental judgment against Outback and awarded Hirata and Volz reasonable attorneys' fees of $271,230 and costs of $36,420.28.

¶5 Relying on the recent decision in *Blaney v. International Ass'n of Machinists & Aerospace Workers' District No. 160*, 114 Wn. App. 80, 55 P.3d 1208 (2002), *aff'd*, 151 Wn.2d 203, 87 P.3d 757 (2004), which allowed a trial court to award an offset for adverse tax consequences to the prevailing plaintiff in a discrimination lawsuit, Hirata and Volz filed a motion for a second supplemental judgment 10 days after entry of the attorneys' fee award. Hirata and Volz submitted the declaration of certified public accountant Donald Kurth in support of their request to offset the adverse tax consequences resulting from the judgment on the verdict and the attorneys' fee award. In his declaration, Kurth explained the adverse tax consequences of payment of the judgment and the award of attorneys' fees to Hirata and Volz. In opposition, Outback argued that Hirata and Volz's claim for adverse tax consequences did not comply with the civil rules, was barred by res judicata

---

[1] Clerk's Papers (CP) at 10.

and collateral estoppel, and was waived. The trial court disagreed and scheduled a hearing to allow Outback the opportunity to engage in additional discovery and respond to the request for an offset. The court also asked Hirata to provide additional authority about whether she was entitled to compensation for all of the tax consequences related to the back pay award or only those resulting from the lump sum payment.

¶6 At the hearing, Hirata and Volz relied on Kurth's declaration and his opinions and conclusions. Kurth concluded that the additional income from the payment of the judgments meant Hirata and Volz were taxed at a higher rate and were each subject to the alternative minimum tax because of the attorneys' fees and costs award.[2] According to Kurth, the adverse tax liability was $91,673 for Hirata and $84,581 for Volz. Outback did not contest Kurth's opinions and conclusions or present any contrary evidence.

¶7 On May 30, 2003, the trial court entered a second supplemental judgment of $192,549 for the adverse tax consequences to Hirata and Volz.[3] Outback appeals.[4]

## ANALYSIS

¶8 After Outback filed its appeal, the Washington State Supreme Court decided *Blaney*, 151 Wn.2d 203. The court held that WLAD authorizes a trial court to award equitable relief to offset the federal income tax consequences of a judgment and an attorneys' fee award entered in favor of a plaintiff who prevails in a discrimination

---

[2] Kurth also said that it was virtually impossible to determine what portion of tax liability was from "regular" tax liability and what portion resulted from the alternative minimum tax. CP at 783.

[3] The judgment included $176,254 to compensate Hirata and Volz for the tax consequences resulting from the judgments on the jury's verdict and the court's award of attorneys' fees, and $16,295 in additional attorneys' fees and costs.

[4] Outback's motion to strike Section A of Respondents' Statement of the Case is granted. Section A is not supported by the record designated by the parties on appeal. RAP 10.3(b) (incorporating RAP 10.3(a)(4)); *see also Northlake Marine Works v. City of Seattle*, 70 Wn. App. 491, 513, 857 P.2d 283 (1993).

lawsuit. In *Blaney*, after the trial court entered judgment on the jury verdict awarding the plaintiff back pay, front pay and compensation for emotional distress, the court awarded reasonable attorneys' fees and costs. Following entry of the judgments, the plaintiff requested a supplemental judgment to offset adverse federal income tax consequences and submitted expert testimony establishing the tax consequences resulting from payment of the judgment and the award of attorneys' fees and costs. On appeal, this court held the plaintiff was entitled to an offset for the adverse income tax consequences. *Blaney*, 114 Wn. App. at 101. The state Supreme Court affirmed the award of additional relief for adverse tax consequences but on a different basis. *Blaney*, 151 Wn.2d at 217. The court relied on and followed federal law that provides an equitable remedy in discrimination lawsuits to offset additional federal tax consequences resulting from the jury verdict and attorneys' fees and costs award. The court held WLAD authorizes the trial court to grant equitable relief for adverse tax consequences as "any other appropriate remedy" under RCW 49.60.030(2).[5] *Blaney*, 151 Wn.2d at 215-16.

¶9 In their discrimination lawsuit, Hirata and Volz requested that the court award "any additional or further relief that the Court finds appropriate, equitable, or just."[6] Hirata and Volz also followed the exact same procedure as the plaintiff in *Blaney* in requesting an offset. After entry of the judgment on the jury verdict and the supplemental judgment awarding attorneys' fees and costs, Hirata and Volz requested a second supplemental judgment to offset

---

[5] WLAD provides for the following remedies in RCW 49.60.030(2):

Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 as amended, or the Federal Fair Housing Amendments Act of 1988 (42 U.S.C. Sec. 3601 et seq.).

[6] CP at 10.

the adverse federal income tax consequences resulting from the jury verdict and award of attorneys' fees. In support of their request, Hirata and Volz submitted a declaration from an expert witness establishing the adverse tax consequences.

¶10 Outback challenges the trial court's decision to grant Hirata and Volz's request for an offset of the tax consequences on several procedural grounds. The facts are undisputed and the only issues are questions of law, which we review de novo. *Wallace Real Estate Inv., Inc. v. Groves*, 72 Wn. App. 759, 766, 868 P.2d 149 (1994).[7]

¶11 First, Outback contends that an offset for tax consequences under WLAD must be specifically pleaded under CR 9(g) as special damages. CR 9(g) provides: "When items of special damage are claimed, they shall be specifically stated." "Special damages" are those that arise from the special circumstances of the case; they are the natural, but not the necessary, result of an injury and are not implied in law. *Jensen v. Torr*, 44 Wn. App. 207, 214, 721 P.2d 992 (1986). An offset for adverse tax consequences does not need to be specifically pleaded under CR 9(g). An offset is an equitable remedy that allows the trial court to " 'make persons whole for injuries suffered on account of the unlawful employment discrimination.' " *Blaney*, 151 Wn.2d at 215 (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S. Ct. 2362, 45 L. Ed. 2d 280 (1975)). The adverse income tax consequences to plaintiffs in discrimination lawsuits are not the result of the discrimination but the result of the tax laws. *Blaney*, 151 Wn.2d at 216.[8]

---

[7] Outback also assigns error to the trial court's decision to grant a supplemental award for federal income tax consequences under WLAD but failed to include any argument on the issue. Outback's brief was filed before the Supreme Court decision in *Blaney*. An assignment of error not supported by argument is deemed abandoned, and *Blaney* is controlling here. *See* RAP 10.3(a)(5); *State v. Manthie*, 39 Wn. App. 815, 825, 696 P.2d 33 (1985).

[8] Because an offset for tax consequences in a discrimination lawsuit is not special damages that had to be specifically pleaded, we reject Outback's argument that the motion for a second supplemental judgment was an untimely attempt to amend under CR 15.

¶12 Outback next argues Hirata and Volz's motion was not timely under CR 59(h) because it was filed more than 10 days after entry of judgment on the jury verdict.[9] Hirata and Volz filed their motion for a second supplemental judgment within the 10 days after the award of attorneys' fees and costs. CR 59(h) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

¶13 We conclude CR 59(h) does not apply to a motion for an offset of adverse federal income tax consequences in a discrimination lawsuit. A request for an offset of adverse tax consequences is analogous to a request for attorneys' fees. In *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982), the Court held that a request for attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, is not a motion to alter or amend governed by the requirement to file a motion within 10 days of the entry of judgment under Federal Rule of Civil Procedure 59(e).[10] The *White* Court ruled that, under 42 U.S.C. § 1988, attorneys' fees are available only to prevailing parties and a decision as to entitlement to attorneys' fees requires a separate inquiry from the decision on the merits and separate inquiry regarding entitlement to fees cannot begin until one party has "prevailed." *White*, 455 U.S. at 451-52. The Court observed, "the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action," and quoted the Fifth Circuit's decision in *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980): " '[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but

[9] Outback also argues that CR 60 does not provide a basis for Hirata and Volz's motion for a second supplemental judgment. CR 60 provides several grounds for modification or vacation of a judgment. But Hirata and Volz's motion was not an attempt to vacate or modify the trial court's earlier judgments under CR 60.

[10] Federal Rule of Civil Procedure 59(e) is the federal court analogue to CR 59(h).

merely seeks what is due because of the judgment.' " *White*, 455 U.S. at 452.

¶14 Hirata and Volz's motion for a supplemental judgment to offset the adverse tax consequences of the judgment on the jury's verdict and the attorneys' fee award did not seek to alter or amend the judgments entered in their favor. An offset for tax consequences under WLAD is available to a party who prevails in a discrimination lawsuit and can be considered only after entry of judgment on the jury verdict and the trial court's award of attorneys' fees and costs. Hirata and Volz were not required to file their motion for an offset for adverse tax consequences within 10 days after judgment on the verdict was entered.

¶15 Under *Steele v. Lundgren*, 96 Wn. App. 773, 777, 982 P.2d 619 (1999), a motion for attorneys' fees by a prevailing plaintiff under WLAD, RCW 49.60.030(2), does not need to be brought within 10 days of entry of judgment on the verdict. Like a request for attorneys' fees under WLAD, a request for an offset for adverse tax consequences under WLAD also does not need to be brought within 10 days of entry of a judgment.

¶16 Outback also contends Hirata and Volz waived their claim for an offset for tax consequences of the judgment and attorneys' fee award by not making a request earlier. Waiver is an "intentional and voluntary relinquishment of a known right." *Bowman v. Webster*, 44 Wn.2d 667, 669, 269 P.2d 960 (1954). The right must exist at the time of the waiver. *Id*. Hirata and Volz did not have the right to seek an offset for adverse tax consequences resulting from the jury verdict and the attorneys' fee award until those judgments were entered. *See Blaney*, 151 Wn.2d at 217 (recognizing that tax liability is incurred after, not during, litigation). Hirata and Volz requested the offset for tax consequences after entry of the attorneys' fees and costs award, and did not waive their right to seek equitable relief for adverse tax consequences.

¶17 Outback argues the second supplemental judgment for tax consequences violates its right to a jury

trial and its due process rights because evidence on that claim was not considered by the jury and the request for an offset for tax consequences was not raised before or during trial. Outback's right to a jury trial and its due process rights were not violated. In their complaint, Hirata and Volz asked the trial court to award additional relief that the court finds "equitable . . . or just."[11] An offset for income tax consequences is an equitable remedy for a judge, not a jury. *Blaney*, 151 Wn.2d at 216 (an offset for additional federal income tax consequences is an equitable remedy); *Auburn Mech., Inc. v. Lydig Constr., Inc.*, 89 Wn. App. 893, 897, 951 P.2d 311 (1998) (right to jury trial applies to legal, not equitable, claims).[12] Due process requires notice and an opportunity to be heard appropriate to the nature of the case. *Burman v. State*, 50 Wn. App. 433, 440, 749 P.2d 708 (1988). Here, after Hirata and Volz filed their motion for a second supplemental judgment, the trial court granted Outback's request for additional discovery and Outback had the opportunity to engage in additional discovery and address the request for an offset for adverse tax consequences.

¶18 Finally, Outback argues Hirata and Volz's request for an offset was barred by res judicata and collateral estoppel. Neither doctrine applies. Res judicata, or claim preclusion, prevents relitigation of claims that were or should have been decided among the parties in an earlier proceeding. *Norris v. Norris*, 95 Wn.2d 124, 130, 622 P.2d 816 (1980).[13] Collateral estoppel, also known as issue preclusion, applies where the identical issue was decided in

---

[11] CP at 10.

[12] Outback has not cited any authority to support their contention that the issue of adverse tax consequences was an issue for the jury. Arguments that are not supported by citation to authority will not be addressed on appeal, and *Blaney* controls. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *see* RAP 10.3(a)(5).

[13] Res judicata precludes litigation of claims in successive proceedings if both proceedings involve the same (1) subject matter, (2) cause of action, (3) persons and parties, and (4) quality of persons against whom the claim is made. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995).

a prior adjudication. *Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 263, 956 P.2d 312 (1998).[14] Hirata and Volz could not request an offset for income tax consequences until the judgment and attorneys' fee award were entered. The issue of an offset could not have been decided in an earlier proceeding or adjudication.[15]

¶19 Hirata and Volz request attorneys' fees and costs on appeal. As prevailing plaintiffs under both WLAD (RCW 49.60.030(2)) and Title VII (42 U.S.C. § 2000e-1-5(g)(2)(B) and § 2000e-5(k)), they are entitled to reasonable attorneys' fees and costs upon compliance with RAP 18.1. *See* RAP 18.1; *Martini v. Boeing Co.*, 137 Wn.2d 357, 377, 971 P.2d 45 (1999); *Blaney*, 151 Wn.2d at 217.

## CONCLUSION

¶20 We affirm the trial court's decision to enter a judgment awarding Hirata and Volz an offset for the federal income tax consequences resulting from the jury's verdict and the award of attorneys' fees and costs. Hirata and Volz are entitled to attorneys' fees and costs on appeal.

Cox, C.J., and GROSSE, J., concur.

Reconsideration denied January 21, 2005.

---

[14] The other requirements for the application of collateral estoppel are: there was a final judgment on the merits; the party against whom the plea is asserted was a party or was in privity with a party in the prior adjudication; and application of the doctrine will not work an injustice on the party against whom the doctrine is to be applied. *Nielson*, 135 Wn.2d at 263.

[15] As supplemental authority, Outback submitted a recent legislative amendment to argue that Hirata and Volz should pursue reimbursement from the Internal Revenue Service for the taxes they paid on the judgment on the verdict and the attorneys' fee award. The legislation characterizes attorneys' fees as property of the attorney rather than the client. *See* ENGROSSED SUBSTITUTE S.B. 6270, 58th Leg., Reg. Sess. (Wash. 2004). We conclude this legislation does not affect whether the trial court properly granted Hirata and Volz's request for a second supplemental judgment to offset adverse tax consequences.