IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RICHARD EGGLESTON AND SHANNON EGGLESTON, HUSBAND AND WIFE, | ) ) ) ) | No. 37431-9-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| ASOTIN COUNTY, A PUBLIC AGENCY AND ASOTIN COUNTY PUBLIC WORKS DEPARTMENT, A PUBLIC AGENCY, | ) ) ) ) ) | |
| Respondents. | ) ) | |

SIDDOWAY, A.C.J. — Richard and Shannon Eggleston appeal a judgment for damages, attorney fees and costs entered after they wrongfully enjoined road work scheduled to be undertaken by Asotin County (County). Controlling case law requires us to reverse that portion of the attorney fee and cost award that reflects fees and costs incurred by the County after the date on which the offending restraining order was dissolved. We otherwise affirm.

FACTS AND PROCEDURAL BACKGROUND

Richard and Shannon Eggleston have been in a longstanding battle with Asotin County over the County's road improvement projects to the 10-Mile Creek Bridge and

Snake River Road, which borders the Egglestons' residential property. On September 6, 2019, county engineer Dustin Johnson informed Mr. Eggleston that the County intended to begin road work within the public right-of-way to address storm water runoff issues and to provide access to a water line. Mr. Eggleston and Mr. Johnson agreed the County would not start work on the project until September 11.

After business hours on September 10, the Egglestons' lawyer presented an Asotin County Superior Court commissioner, ex parte, with a motion for a "Temporary Injunction" that would immediately restrain the County from "engaging in any construction related activities on or adjacent to the Plaintiffs' real property," including the work the Egglestons had been notified would begin on the 11th. Clerk's Papers (CP) at 32. The order, in a form prepared by the Egglestons' lawyer, recited that it was "granted without notice to the Defendants as time is of the essence." CP at 78. The order set the security for damages that might be incurred by the County at "$∅." *Id.*

At around 8:00 the next morning, County workers arrived at 10-Mile Bridge to begin work. Mr. Eggleston verbally informed Mr. Johnson that a temporary injunction had been granted. The order and the supporting motion and declarations were not filed until 10:18 a.m. on the 11th.

In entering the temporary restraining order (TRO), the court commissioner had entered an order to show cause why the County should not be enjoined, with a return date of September 24. The County promptly moved for revision, however, and a superior

court judge dissolved the TRO on September 17.  The order dissolving the TRO stated, "Defendants[1] may bring a later motion for the determination of any costs and damages that were incurred or suffered by Defendants due to Defendants being wrongfully enjoined or restrained."  CP at 318-19.

Several months later, the County filed a motion for an award of damages and attorney fees and costs.  It supported its damages request with a declaration from Mr. Johnson testifying that "[t]he damages sustained by the County due to the issuance of the temporary injunction were in the amount of $2,411 for labor, contractors and time."  CP at 12.  Mr. Johnson testified that the County crew spent six hours at the work site on September 11, but he deducted one hour for work done on a retention facility on the other side of the road.  He identified the costs he included in his damages calculation and those he did not, and attached five pages of documents that itemized the amounts requested and included his calculation of the $2,411 damage amount.

The County supported its attorney fee and cost request with a declaration of counsel and an itemization of amounts billed by his firm between September 6 and November 26, 2019.  The County's attorney projected the County would incur another $750 in attorney fees for the motion and his appearance in court.

---

[1] The Egglestons had named, as a second defendant, the "Asotin County Public Works Department."  CP at 32.

The Egglestons opposed the County's motion, but without submitting declarations or other evidence.

At the hearing on the motion, the Egglestons argued respects in which Mr. Johnson's declaration was not as detailed as it could have been. On the issue of fees and costs, it cited *Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 937 P.2d 154 (1997), for the proposition that the County could not be awarded costs and attorney fees for dates after the injunction was dissolved. It also argued that equity did not support an award of fees and costs.

The trial court closely questioned the County's lawyer about the fees and costs incurred. It ultimately awarded only some of the fees and costs requested, although it rejected the Egglestons' challenge to all fees and costs awarded after September 17. The trial court's order and judgment awarded the County the $2,411 in damages requested and a reduced amount of $2,730 in attorney fees and costs. The Egglestons appeal.

ANALYSIS

I.   AN ARGUMENT THAT DAMAGES SHOULD BE LIMITED TO THE AMOUNT OF THE BOND WAS NOT PRESERVED

For the first time on appeal, the Egglestons argue that the County's damages should have been limited to the amount of the bond, and no bond was required.

Before an injunction or restraining order can be granted, CR 65(c) and RCW 7.40.080 require a requesting party to give security in an amount fixed by the court to

4

cover damages and costs that may be incurred by the enjoined party. *Jensen v. Torr*, 44 Wn. App. 207, 211, 721 P.2d 992 (1986). According to the Washington and majority rule, absent a showing of bad faith or malicious prosecution, the amount of actual damages recoverable for a wrongful injunction[2] "is limited to the face amount of the bond plus interest from the date that the action is brought." *Id.*; *Venegas v. United Farm Workers Union*, 15 Wn. App. 858, 864, 552 P.2d 210 (1976); *Cedar-Al Prods., Inc. v. Chamberlain*, 49 Wn. App. 763, 765, 748 P.2d 235 (1987) ("Arguably, because the bond requirement is mandatory, no damages may be awarded for wrongfully obtaining an injunction if a bond does not exist."). "The underlying public policy 'is to encourage ready access to courts for good faith claims.'" *Fisher v. Parkview Props., Inc.*, 71 Wn. App. 468, 478, 859 P.2d 77 (1993) (quoting *Jensen*, 44 Wn. App. at 211). "Should the bond be inadequate, the person damaged directly by issuance or resistance of the injunction could only be compensated beyond the face amount of the bond by bringing a motion during the trial to increase the amount of the injunction bond." *Jensen*, 44 Wn. App. at 211.

The Egglestons did not argue below that the bond set by the court commissioner in the TRO was a limit on damages. "RAP 2.5(a) states the general rule for appellate disposition of issues not raised in the trial court: appellate courts will not entertain them."

---

[2] The Egglestons do not dispute that the temporary injunction proved to be wrongful.

*State v. Guzman Nunez*, 160 Wn. App. 150, 157, 248 P.3d 103 (2011) (citing *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)). "The rule serves the goal of judicial economy by enabling trial courts to correct mistakes and thereby obviate the needless expense of appellate review and further trials." *In re of Estate of Reugh*, 10 Wn. App. 2d 20, 59, 447 P.3d 544, *review denied*, 194 Wn.2d 1018, 455 P.3d 128 (2020). "The rule also facilitates appellate review by ensuring that a complete record of the issues will be available." *Id.*

In applying RAP 2.5(a), we need not consider whether the unpreserved issue could have been defeated in the trial court. We agree with the County, however, that proceeding ex parte to obtain a TRO and requesting or suggesting a clearly insufficient amount as security for the enjoined party's damages could support a finding of bad faith. In any event, the issue was not preserved and we will not consider it.

II.    THE $2,411 IN DAMAGES AWARDED IS SUPPORTED BY SUFFICIENT EVIDENCE

A trial court may award compensatory damages incurred as a result of a wrongful temporary injunction. *See generally Cecil v. Dominy*, 69 Wn.2d 289, 292, 418 P.2d 233 (1966). The trier of fact has discretion to award damages in an amount falling within the range of relevant evidence. *Mason v. Mortg. Am., Inc.*, 114 Wn.2d 842, 850, 792 P.2d 142 (1990). We will not find an abuse of discretion unless the trial court bases its decision on untenable grounds or untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The Egglestons assign error to the damages award, including what it characterizes as the trial court's "finding that the County work crew was forced to stand around and not do anything for five hours." Br. of Appellant at 3. In concluding that the County's request for damages was reasonable, the trial court summarized Mr. Johnson's request:

> The temporary restraining order I think was issued at 10:00 a.m. or abouts on September 11th, so the County engineer deducted one hour and is requesting five hours of compensation as damages *because the crew was forced to stand around and not do anything for those five hours*. And it was—the County paid them to do something, but they really had—they couldn't do anything because of the wrongfully issued injunction. So the five hours to the Court seems to be a reasonable number.

Report of Proceedings (RP) at 27 (emphasis added). The court did not make a "finding" that people stood around and did nothing; that was simply its colloquial characterization of Mr. Johnson's sworn declaration. The declaration, uncontroverted by any evidence, supported the conclusion that five hours' worth of the crew's labor was lost.

It is the trial court, not us, that acts as fact-finder. We do not reweigh the evidence or substitute our view of the evidence for that of the trial court. *Bale v. Allison*, 173 Wn. App. 435, 458, 294 P.3d 789 (2013). The damages awarded are not "outside the range of substantial evidence in the record"; they are directly supported by Mr. Johnson's declaration that the $2,411 in damages were "sustained . . . due to the issuance of the temporary injunction." *Mason*, 114 Wn.2d at 850; CP at 12. No abuse of discretion is shown.

No. 37431-9-III
*Eggleston v. Asotin County*

III.    THE JUDGMENT MUST BE REDUCED FOR ATTORNEY FEES AND COSTS INCURRED
         AFTER SEPTEMBER 17, 2019

The Egglestons finally contend the trial court abused its discretion when it

awarded the County $2,730 in attorney fees and costs.  It argues that some of the fees and

costs were incurred too early to be compensable and some were incurred too late.[3]

"Washington courts refuse to award attorneys' fees incurred during litigation in

the absence of a contract, statute, or recognized ground of equity." *Ino Ino*, 132 Wn.2d at

142-43.  Among attorney fees recoverable on equitable grounds are "attorneys' fees

reasonably incurred in dissolving a wrongfully issued injunction or restraining order." *Id.*

at 143.  "A temporary restraining order is 'wrongful' if it is dissolved at the conclusion of

a full hearing." *Id.*

"The purpose of the equitable rule permitting recovery for dissolving a

preliminary injunction or restraining order is to deter plaintiffs from seeking relief prior

---

[3] The Egglestons also argue that in awarding $2,730 in attorney fees and costs the
trial court made an arithmetic error in the County's favor, but they fail to consider the
$200 (reduced from a request of $750) that the court intended to add to the documented
fee request to account for the County's lawyer's appearance at the hearing.  RP at 26.
      There is an arithmetic error, but it is in the Egglestons' favor.  The County's
documented request was for $2,547.00 in fees and $266.02 in costs, and it requested an
additional $200.00 in fees for appearing at the February hearing.  Of that $3,013.02 total,
the County's lawyer conceded that $17.00 in fees billed on September 6 and a $234.52
lodging charge should be deducted.  The trial court also stated that it would award fees
through September 24, and presumably deducted $17.00 in fees billed on November 13.
The resulting judgment amount should have been $2,744.50 rather than $2,730.00.  The
County has not cross-appealed the amount of the judgment, so in making our adjustments
we work from the Eggleston-favorable total of $2,730.00.

8

to a trial on the merits." *Id.* Unlike an award of damages, which is based on the bond statute, an attorney fees award, which is based on equity, may exceed the amount of the bond required by CR 65(c). *Id.* We review a trial court's award of attorney fees for an abuse of discretion. *Id.*

The Egglestons challenge $42.50 in fees incurred by the County on September 10. On that day, the County's principal lawyer was away from his office and his paralegal fielded electronic mail from the Egglestons' lawyer, informed him that the County's lawyer was out of town, received a phone call from the client, and reported these developments to the County's lawyer. The Egglestons have themselves contended that these communications were about seeking an injunction; they nonetheless argued the fees incurred by the County should not be awarded. Satisfied that these communications on the 10th were in anticipation of the threatened and imminent injunction, the trial court awarded them. We find no abuse of discretion.

The Egglestons also challenge all fees and costs incurred after September 17. The equitable rule allowing attorney fees for dissolving a temporary restraining order permits a defendant to "recover attorneys' fees up to the date on which a wrongfully issued restraining order is dissolved." *Ino Ino*, 132 Wn.2d at 144; *see also Ritchie v. Markley*, 23 Wn. App. 569, 575, 597 P.2d 449 (1979) ("The point at which the wrongfully issued court order is dissolved is the point at which attorney's fees cease to be recoverable."),

*overruled on other grounds by Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801,

828 P.2d 549 (1992).

The County contends the attorney fees and costs incurred in documenting its

damages, fees, and costs could have been awarded had it presented evidence of their

amount at the time of the hearing to dissolve the injunction, and it is illogical to deny

them solely because they were documented later. Our Supreme Court has never directly

rejected this proposition but we find no language in *Ino Ino* and the cases on which it

relies that would justify us in making this proposed exception to what is framed as a

bright line cutoff on recovery. Any clarification that such fees and costs are permitted

will have to come from the Supreme Court. *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d

227 (1984) (Once the Washington Supreme Court has decided an issue of state law, its

holding is binding on all lower courts.).

The trial court abused its discretion when it awarded fees and costs incurred after

September 17. The amount of fees awarded after that date was $1,614; the costs awarded

after that date were $11.85.[4] On remand, the $2,730 principal amount of the attorney fee

---

[4] The $1,614.00 in fees comprises the $1,414.00 reflected on billing statements from
September 18 through 24, 2019, and the additional $200.00 the trial court awarded for the
hearing on the damage and fee award. *See* CP at 9-10; RP at 25-26. The $11.85 in costs is print
jobs charged in November 2019. While $19.65 for print jobs was also recorded on September 19
and billed on September 30, 2019, the County's lawyer explained at the hearing that a lump sum
for printing is recorded periodically, and the attorney time entries do not suggest that any of the
printing billed on September 19 would have been done after September 17. It is clear the print
jobs charged on September 19 must have been done before September 17.

and cost award, *see* CP at 28, should be reduced by $1,625.85, to $1,104.15. The

$5,141.67 principal amount of the judgment, *see* CP at 30, should be reduced by the same

$1,625.85, to $3,515.82.[5]

IV.    REQUESTS FOR COSTS OR FEES ON APPEAL

The Egglestons request an award of costs on appeal under RAP 18.1 and RCW

4.84.010, .030, and .080. The County requests an award of reasonable attorney fees and

costs under RAP 18.1 and on equitable grounds, given that the appeal arises out of action

to dissolve a wrongful injunction.

RAP 18.1 permits recovery of reasonable attorney fees or expenses on review if

applicable law grants that right. RCW 4.84.010, .030, and .080 govern costs to the

prevailing party and provide for statutory attorney fees. Generally, a prevailing party is

one who obtains a judgment in its favor. *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d

669 (1997). If both parties prevail on major issues, attorney fees are not appropriate for

either of them. *Marassi v. Lau*, 71 Wn. App. 912, 915 n.2, 859 P.2d 605 (1993),

*abrogated on other grounds by Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481,

200 P.3d 683 (2009). However, if neither party wholly prevails, then the party that

substantially prevails will be considered the prevailing party. *Id.* at 916. The Egglestons

are not the substantially prevailing party, so their request for costs is denied.

---

[5] The very small discrepancy between the order awarding fees and costs and
judgment has not been challenged and we will not attempt to resolve it.

In injunction cases, courts have allowed recovery of equitable attorney fees at the appellate level "only when appeal was necessary to dissolve a currently effective temporary restraining order." *Ino Ino*, 132 Wn.2d at 144 (declining to award attorney fees on appeal because the trial court dissolved the temporary restraining order prior to the appeal); s*ee also Alderwood Assocs. v. Wash. Env't Council*, 96 Wn.2d 230, 247, 635 P.2d 108 (1981) (fees on appeal allowed because the wrongfully issued temporary restraining order had not been dissolved previously by trial, motion, or hearing).  Here, the TRO was dissolved prior to the appeal.  The County's request for reasonable attorney fees is also denied.

We reverse in part the award of attorney fees and remand with directions to reduce the principal amount of the attorney fee and cost award to $1,104.15 and the principal amount of the judgment to $3,515.82.  We otherwise affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____          _____
Lawrence-Berrey, J.                                          Fearing, J.

12